## Ex parte AUFFIE A. CHASE.

No. A-10867.   April 23, 1947.

(180 P. 2d 199.)

160

Lee Williams, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Warren H. Edwards, Co. Atty., and W. A. Carlile, Asst. Co. Attorney, both of Oklahoma City, for defendant in error.

JONES, J. This is an original action instituted by the petitioner, Auffie A. Chase, to secure a writ of habeas corpus, directed to the sheriff of Oklahoma county; the prisoner alleging he is being unlawfully restrained of his liberty in the county jail of Oklahoma county.

The verified petition alleges, in substance, that the petitioner is held in the county jail of Oklahoma county by reason of his arrest on a warrant issued by the Governor of Oklahoma for his extradition to the State of New Mexico to answer a charge of burglary pending against him in Chavez county, New Mexico.

The petition further alleges that the certified copy of the complaint attached to the requisition of the Governor shows that the crime alleged to have been committed by the defendant was committed on March 4, 1947. That the petitioner could not have committed said crime on the 4th day of March, 1947, for the reason at that time the petitioner was confined in the county jail of Oklahoma county and was not in the State of New Mexico, and not having been in the State of New Mexico at the time of the alleged commission of the crime, that your petitioner is not a fugitive from justice.

In the response of the sheriff it is admitted that petitioner is being held in the county jail of Oklahoma county by the respondent under a warrant issued by the Governor of the State of Oklahoma for the arrest of the defendant as a fugitive of justice from the State of New Mexico. It

is further alleged in the response that the crime alleged to have been committed by the defendant was committed on March 11, 1947, and that the date March 4, 1947, appearing in the copies of the complaint attached to the requisition papers is a typographical error.

At the time of the hearing, the case was submitted upon a stipulation of facts. It was stipulated that the records in the sheriff's office of Oklahoma county show that petitioner had been confined in the county jail of Oklahoma county prior to March 4, 1947, and that he was released from the county jail sometime during the day on March 4, 1947. Counsel for respondent introduced evidence to show that the original complaint filed against petitioner before a justice of peace in Roswell, Chavez county, New Mexico, alleged that he had committed the crime for which he was being extradited on March 11, 1947. There was no contention presented by petitioner that he was absent from the State of New Mexico on March 11, 1947, and there was no contention on the part of the agent of the State of New Mexico that the petitioner was in the State of New Mexico on March 4, 1947.

It is conceded by counsel for the petitioner that the extradition papers upon which the warrant issued by the Governor of the State of Oklahoma is based are regular upon their face and they do not in any way question the legality of said papers, but rely solely upon the contention that petitioner was not in the demanding state on March 4, 1947, and, therefore, is not a fugitive from justice from that state.

In the case of Ex parte Rabinwitz, 61 Okla. Cr. 83, 65 P. 2d 1236, 1238, this court considered a case similar in many aspects to the one now under consideration. The identical question now presented was considered in that

case. In the Rabinwitz case, the petitioner contended that he was not in the State of Montana at the time the crime was committed but was in Humphreys, Mo., and the petitioner introduced the proof of 21 witnesses to show that he was in Humphreys, Mo., attending the funeral of his mother-in-law on the date which it is alleged that the crime was committed in the State of Montana. Many decisions of various courts were reviewed in that opinion, including certain decisions of the Supreme Court of the United States. This court held in disposing of the contention of petitioner, that the proceeding in habeas corpus to secure release from a warrant issued by the Governor upon demand of another state is a summary one:

"To be kept within narrow bounds, not less for the protection of the liberty of the citizen than in the public interest; that when the extradition papers required by the statute are in the proper form the only evidence sanctioned by this court as admissible on such a hearing is such as tends to prove that the accused was not in the demanding state at the time the crime is alleged to have been committed; and, * * * that defenses cannot be entertained on such a hearing, but must be referred for investigation to the trial of the case in the courts of the demanding state."

This court further held that the only way a petitioner may secure his liberty in such a proceeding upon his contention that he is not a fugitive from justice is that the proof must conclusively establish he was not present in the demanding state at the time the crime is alleged to have been committed; that if there is a conflict in the testimony as to whether the accused was in the demanding state at the time alleged in the information, the writ should be denied and the accused remanded to the custody of the agent of the demanding state.

164

The original complaint filed against the defendant fixes the date for the commission of the alleged crime as March 11, 1947. Through an oversight on the part of someone in preparing a copy of the complaint to attach to the requisition papers, the date is fixed as March 4, 1947. The date of the alleged crime of the offense was not the controlling factor which influenced the Governor of Oklahoma in determining whether he would honor the requisition of the demanding state. It was the allegations in the complaint filed against the accused setting forth the acts which were committed which constituted the crime which prompted the Governor to issue his warrant upon requisition of the demanding State of New Mexico. The date shown in the copy of the complaint attached to the requisition papers was merely incidental to the substance of the allegations contained in the complaint. If the complaint filed against the defendant in the State of New Mexico actually alleged the date of the commission of crime as March 4, 1947, the prosecution could have amended the complaint to have conformed to the actual date which the proof would show was the date of the commission of the alleged offense.

In the case of Ex parte George, 63 Okla. Cr. 115, 73 P. 2d 471, 472, this court held:

"The Governor's warrant in an extradition proceeding is sufficient prima facie to justify the arrest of the alleged fugitive and his delivery to the agent of the demanding state.

"The decision of the Governor upon the jurisdictional facts in an extradition proceeding is presumptively correct.

"The proceedings being regular in form, it is incumbent upon the petitioner for habeas corpus, seeking to

defeat extradition, to establish that he is not a fugitive from justice. * * *

"The date on which a crime is charged in an indictment to have been committed, when not an essential element of the crime itself, is not material.

"It is sufficient to charge the crime to have been committed on some specified date prior to the finding of the indictment. This will admit proof of its commission on any date during the period covered by the statute of limitations."

In the body of the opinion it is stated:

"The charge in this case is that petitioner deserted his minor children on the 1st day of August, 1937, and prior thereto. The year given for the alleged offense in the copy of the indictment was evidently a clerical error and should be 1936; however, this is not material, because under this allegation the state could prove the offense to have been committed at any time during the period covered by the statute of limitations, for the prosecution of the offense."

The action of the Governor in issuing his warrant should not be nullified by the courts unless it conclusively appears that the accused is not a fugitive from justice and that the issuance of the warrant was in plain contravention of law. Ex parte Foster, 60 Okla. Cr. 50, 61 P. 2d 37.

The constitutional provision regarding extradition from one state to another was adopted to promote justice, to aid the states in enforcing their laws, and not to shield malefactors. U. S. Const. art. 4, § 2. The Supreme Court of the United States has emphatically announced its adherence to the doctrine that a faithful and vigorous enforcement of the provisions relating to fugitives from justice is vital to the harmony and welfare of the state, and that,

while a state should take care that the rights of its people are protected against illegal action, both it and the judicial authorities throughout the Union should equally take care that the provisions of the Constitution be not so narrowly interpreted as to enable offenders against the laws of a state to find a permanent asylum in the territory of another state. People ex rel. MacSherry v. Enright, 112 Misc. 568, 184 N. Y. S. 248.

It is our opinion that the petitioner is a fugitive from justice from the demanding state and his arrest and detention is not illegal.

The writ of habeas corpus is therefore denied. The sheriff of Oklahoma county is directed to deliver the petitioner, Auffie A. Chase, to the duly appointed agent of the State of New Mexico, for return to that state.

BAREFOOT, P. J., and BRETT, J., concur.