Ex parte HARRELSON.

No. A-12020.   Dec. 16, 1953.

(264 P. 2d 1004.)

Harold Witcher, Cordell, for petitioner.

Emmett N. Sasseen, County Atty., and Charles Edwards, Asst. County Atty., Cordell, for respondents.

JONES, J. This is an original action in habeas corpus instituted by the petitioner William Richard Harrelson for the purpose of securing his release from imprisonment in the county jail of Washita county at Cordell.

From the allegations of the petition and the evidence presented before this court, it appears that petitioner is now 17 years of age; that on November 7, 1953, he was arrested in Del Rio, Texas, while driving an automobile allegedly stolen in Washita county; that after questioning by Texas police officers, the petitioner admitted the commission of certain crimes in Oklahoma and the officers of Washita county were notified by the Texas officers that the petitioner was held in custody at Del Rio and had admitted the commission of certain crimes in Oklahoma and had signed a statement waiving extradition and agreeing to return to the State of Oklahoma for trial. The sheriff of Washita county, respondent herein, went to Del Rio, Texas, brought the accused back to Oklahoma and incarcerated him in the county jail where he has since been confined. The accused had no counsel to advise with him in the State of Texas and none in Oklahoma until after he had waived a preliminary examination and had been ordered held for trial in the district court. Counsel who appeared herein was appointed by the district court of Washita county to represent the accused upon his arraignment before the district court. Counsel upon arraignment raised the question that accused had appeared without counsel before the committing magistrate, was wholly inexperienced in court procedure, and was incapable of intelligently waiving a preliminary examination. Thereupon the county attorney moved the court to vacate the proceedings in the district court and send the cause back to the magistrate for a new preliminary examination. The court sustained the motion, the proceedings in the district court were vacated, and the cause remanded

to the county court, sitting as a committing magistrate for the purpose of holding a preliminary examination.

Two questions are presented to this court for determination: (1) Is the petitioner entitled to his discharge from custody because he did not have counsel to advise with him at the time he waived extradition in the State of Texas? (2) Is he entitled to his absolute discharge from further prosecution because of the failure to provide counsel for him at the time of his preliminary examination?

Both of these questions must be answered in the negative. In the case of Adams v. Waters, 94 Okla. Cr. 428, 237 P. 2d 914, and in Traxler v. State, 96 Okla. Cr. 231, 251 P. 2d 815, this court held that the right to try a person accused of crime who is found within the territorial jurisdiction of the state wherein he is so charged may not be defeated or impaired because of the methods by which his personal presence in the state was secured. The Supreme Court of the United States has also held to this effect. Pettibone v. Nichols, 203 U.S. 192, 27 S. Ct. 111, 51 L. Ed. 148.

In accordance with these decisions, it is unnecessary for us to determine whether there was an intelligent waiver by the accused of his right to demand an extradition hearing in the State of Texas before being brought to Oklahoma for trial, as he is now within the territorial jurisdiction of the State of Oklahoma within Washita county, where he stands legally charged with the commission of a felony.

The second contention likewise must be determined adversely to the petitioner. This court has consistently held that a judgment of conviction of one who did not effectively waive his constitutional right to the assistance of counsel is void as having been rendered without jurisdiction, and that where the accused is a minor, inexperienced in court proceedings, and charged with a felony, it is the duty of the court to assign counsel to represent him as a necessary requisite of due process of law. Ex parte Cornell, 87 Okla. Cr. 2, 193 P. 2d 904; Ex parte Cook, 84 Okla. Cr. 404, 183 P. 2d 595; Ex parte Meadows, 70 Okla. Cr. 304, 106 P. 2d 139.

In each of those cases, the judgment and sentence was vacated because of the denial of certain of the constitutional rights of the prisoner, and the case was remanded to the district court for further proceedings, as if no arraignment had ever been had of the accused.

Applying those principles of law to the facts in the instant case, we find that the district court of Washita county has already given the petitioner all of the relief to which he was entitled because of the lack of counsel to advise with him at his preliminary examination. The district court set aside the proceedings in the district court and remanded the prisoner to jail to await a new preliminary examination before the committing magistrate. If the petitioner had appeared before this court in an original action without having gone before the district court, we would not have granted him his unqualified discharge from prison, which he now seeks, but would have done no more than was done by the district court.

It appears to us under any reasonable view of the facts that the petitioner is not entitled to his discharge on habeas corpus. It is so ordered.

POWELL, P. J., and BRETT, J., concur.