(No. 37120.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RONALD PARTELOW, Plaintiff in Error.

*Opinion filed February 1, 1963.*

RONALD PARTELOW, *pro se.*

WILLIAM G. CLARK, Attorney General, of Springfield, and ROBERT J. WAALER, State's Attorney, of Urbana, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The defendant pleaded guilty in the circuit court of Champaign County to a charge of larceny of a motor vehicle, and was granted probation for a term of 3 years. About a year and a half later his probation was revoked for failure to report to the probation officer and also because of his conviction of a criminal offense in the State of Massachusetts, and he was sentenced to the penitentiary for a term of not less than 1 nor more than 10 years. A writ of error has been issued.

The defendant first contends that he was not properly admonished by the court before he entered his plea of guilty. This contention is completely refuted by the record which shows a sufficient admonishment. He also contends that he never received a copy of the indictment. This statement is likewise in direct opposition to the record which shows that the defendant received a copy of the indictment.

The defendant also argues that he was not properly represented by his appointed counsel. There is nothing in the record before us to substantiate this contention.

Finally, the defendant contends that the court lacked jurisdiction over him when his probation was revoked. This argument is based upon the contention that he was not properly extradited from Massachusetts. We have held that alleged irregularities in the manner in which a defendant is returned to this State on extradition for trial on a criminal

608

charge will not be inquired into, since these matters affect neither the guilt nor innocence of the accused nor the jurisdiction of the court to try him. *People* v. *Klinger,* 319 Ill. 275.

We find no error in the record and the judgment of the circuit court of Champaign County is affirmed.

*Judgment affirmed.*