409 P.2d 590

STATE of Arizona, Appellee,

v.

Arlie BOST, Appellant.

No. 1 CA–CR 39.

Court of Appeals of Arizona.

Jan. 12, 1966.

Claude Olney, Phoenix, for appellant.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

DONOFRIO, Judge.

The appellant Arlie Bost, hereinafter also designated as defendant, was charged with three counts of drawing check on no account, a felony. After a plea of guilty to each count, he was sentenced by the Superior Court of Maricopa County to serve a term in the state prison. Defendant is here appealing that conviction.

Defendant was charged by a complaint filed in the Justice Court of Northwest Phoenix Precinct on June 12, 1963, and a warrant for his arrest issued. The warrant was returned, served and filed on January 18, 1965. A preliminary hearing was held on February 10, 1965, the defendant being represented by counsel, and after the taking of evidence the Justice of the Peace held defendant to answer in the Superior Court. The County Attorney duly filed in the Superior Court an information charging him with the offenses.

At the time of arraignment in the Superior Court, counsel was appointed to represent the defendant. He entered a plea of guilty to the charges with the advice and assistance of counsel. Counsel also represented him at the time of judgment and sentence.

Thereafter on March 24, 1965, the defendant representing himself filed a handwritten motion for new trial stating as grounds therefor the following:

"The above named defendant, Arlie Bost, was convicted and sentenced illegally without proper jurisdiction in that Arlie Bost was arrested and incarcerated by Walker County Sheriff Floyd Farris, Huntsville, Texas for this authority, Maricopa County, Phoenix, Arizona, because of a warrant of arrest #7662 filed June 12, 1963 *for the State of Arizona*. This warrant is valid only in the State of Arizona. Respectfully submitted: Arlie Bost"

On March 25 the motion was called for hearing and the attorney who had been appointed and who had been representing defendant up to this point was allowed to withdraw. The motion for new trial was considered by the court and denied.

The defendant thereafter filed "motion for writ of habeas corpus". On March 26th he appeared before the court and notwithstanding the fact that he was not entitled to appointed counsel (Application Of Dutton, 95 Ariz. 96, 387 P.2d 799 (1963); Cert. Denied Dutton v. Eyman, 377 U.S. 913, 84 S.Ct. 1176, 12 L.Ed.2d 182, was sworn as to his ability to employ counsel, and the court appointed an attorney to represent him. The petition for writ of habeas corpus was heard on April 9, 1965 and denied.

Defendant filed this notice of appeal, and present counsel was appointed to prosecute this appeal.

Between the time of the filing of the complaint in the Justice Court and the defendant's return for prosecution he served a term for another felony in the State of Texas. At the time of his release from prison defendant had decided not to waive extradition to the State of Arizona and was detained on the Arizona warrant in the Sheriff's office while the Governor's warrant of extradition was being processed. He contends that while in the Sheriff's office he was without counsel. Defendant's affidavit in this regard is to the effect that upon his release from prison he was kept in the Sheriff's office over the weekend, i. e. from Saturday until Monday, at which time a fugitive warrant was issued; and that his permission to call counsel was not honored until Monday when he was permitted to call his attorney in a city 500 miles

away. Also to be noted in defendant's affidavit is the following: "The fact that I am here is only because I waived extradition proceedings, after the fugitive warrant was filed."

Defendant urges that he was deprived of his constitutional rights by not being adequately represented by counsel at a critical stage of his prosecution citing among others the following decisions of the United States Supreme Court: Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799 (1963); White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963); Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961); and Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

■ These cases are distinguishable in that they do not involve the representation by counsel in extradition proceedings. The United States Supreme Court has passed upon the relation of extradition proceedings to criminal prosecution. Extradition is a separate proceeding apart from the prosecution of the offense itself, and the procedure is ministerial rather than judicial. Ker v. People of State of Illinois, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886); reaffirmed in Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952); People ex rel. Millet v. Babb, 1 Ill.2d 191, 115 N.E.2d 241 (1953); People ex rel. Hackler v. Lohman, 17 Ill.2d 78, 160 N.E.2d 792 (1959).

■ The constitution and laws of the United States do not recognize any right of asylum for a fugitive from justice. There is no authority in courts of the United States to set standards for extradition proceedings. Pettibone v. Nichols, 203 U.S. 192, 27 S.Ct. 111, 51 L.Ed. 148 (1906). In Frisbie v. Collins, (supra) the Court reaffirmed a court's power to try a person who was forcibly abducted to the State without an extradition hearing. It stated:

"* * * due process of law is satisfied when one present in court is convicted of a crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will." 342 U.S. 522, 72 S.Ct. 512.

For State decisions see Ex Parte Harrelson, 97 Okl.Cr. 399, 264 P.2d 1004 (1953); People v. Partelow, 26 Ill.2d 606, 188 N.E. 2d 25 (1963), and Dudley v. Corbett, 46 Misc.2d 205, 259 N.Y.S.2d 572 (1965).

■ The fact that defendant may not have been fully represented by counsel at the time of his waiver of extradition and removal from Texas does not constitute a denial of due process of law depriving the trial court of jurisdiction to proceed on the criminal charges.

■ Defendant next urges a violation of his right to counsel when he was not represented by an attorney at his appearance on March 25, 1965. A hearing on defendant's handwritten motion for a new trial which was a motion after judgment, was held at that time. The record shows that defendant was present with counsel; that counsel was permitted to withdraw, and the court ruled on the motion for new trial in which defendant personally undertook to be his own attorney. Defendant did not request new counsel at the time of his attorney's withdrawal and it is reasonable to assume he wanted thereafter to represent himself. He had undertaken to handwrite and file his own motion while he still had an attorney.

Defendant could not have been misled on this point. In Texas he requested and was permitted to call an attorney. In Arizona he was informed of his legal rights and had an attorney at the preliminary hearing; he was informed of his right to counsel and was appointed counsel at arraignment who represented him on up to the withdrawal on March 25th. In this appeal he requested and was appointed counsel. His record of

six prior felony convictions shows considerable experience with criminal procedure.

We find no error or violation of defendant's constitutional rights.

Affirmed.

STEVENS, C. J., and CAMERON, J., concur.