T. F. M., Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. J–77–336.

Court of Criminal Appeals of Oklahoma.

Nov. 22, 1977.

Robert H. Galbraith, Ponca City, for appellant.

Joseph A. Wideman, Dist. Atty., Dave Jacobs, Asst. Dist. Atty., Kay County, for appellee.

## OPINION

CORNISH, Judge:

Appellant, T. F. M., Jr., a juvenile under the age of 18 years of age, appeals from an Order of the Kay County District Court, Juvenile Division, certifying him to stand trial as an adult for the alleged offenses of Burglary in the Second Degree and Burglary of an Automobile.

Appellant does not challenge the court's finding of prosecutive merit to the complaint and, although he admits being a prime candidate for certification, appellant argues that his statutory rights and his right to due process were violated.

Eleven witnesses testified at the certification hearing, nine for the State and two for the appellant. The testimony of five law enforcement officers related the events which transpired between appellant's arrest and his appearance before the magistrate. Two counselors with Court Related and Community Services testified as to appellant's lack of amenability to rehabilitation as a juvenile.

The evidence revealed that appellant was arrested on February 28, 1977, for the offense of Public Drunkenness, and that he was subsequently placed in the juvenile section of the Kay County jail. On the same morning the Lamp Post Liquor Store had been broken into, and some bottles of liquor, along with about $25.00 in change, had been taken. Appellant also was interrogated on February 28th. His mother was present during the questioning, and they were both read the *Miranda* Warning by Officer Gene Lemmonier of the Ponca City Police Department. Appellant admitted that he and an accomplice had broken into the Lamp Post Liquor Store and had taken some change and bottles of liquor. In addition, the appellant confessed to stealing a CB radio from a pickup truck on South Peachtree. On the same date, a detention

hearing was held wherein the court authorized the detention of the appellant for a period of *30 days in order to allow further investigation.* Bond was not set, nor did the court appoint an attorney to represent the appellant. Thereafter, the appellant remained in the Kay County jail for a period of 24 days. On March 23, 1977, he broke out all the windows in his jail cell and damaged a car, which was parked outside the cell. On March 24, 1977, after obtaining judicial permission, the appellant was moved to the fourth floor of the jail where convicted felons were kept but he was placed in a cell separate from them. At this time the appellant was appointed an attorney. The appellant remained in the fourth floor cell for about four hours and was then taken to the Ponca City Police Department.

On March 25th, a petition was filed seeking certification and, on April 1st, a hearing was conducted on appellant's motion to dismiss and the State's motion to certify. The motion to dismiss was denied, and a date for the certification hearing was set. Also, bond was set in the amount of $1,000.00, and subsequently, the appellant was released on bond.

The certification hearing was held on April 12, 1977, on the State's petition and amended petition. Two counselors with Court Related and Community Services testified that they had worked with the appellant previously and that he knew right from wrong. They stated that all the usual juvenile processes had been attempted; home supervision, Taft, Boley and Helena, but to no avail. Furthermore, they thought that no other services in Oklahoma would be useful in rehabilitating the appellant as a juvenile. The appellant was 17 years and 6 months old at the time he allegedly committed the crimes.

The appellant's father testified that he had tried to get the appellant arraigned for bond two weeks after appellant had been put in jail. He stated that he was told that bond had not been set, and that the Judge had given the Assistant District Attorney permission to hold the appellant for at least ten more days, and if bond were set at that time it would be $5,000.00. His reason for waiting two weeks before checking on the bond was that he had been waiting for notice through the mail, and that he could not afford a lawyer. In previous encounters with the law, a lawyer had been appointed to represent the appellant.

The appellant testified on his own behalf and stated that he had broken out the windows in his cell because he was tired of being there. His parole officer would not talk to him about the incident or about anything else, and he felt hurt and nervous while in jail. Appellant testified that he did not really want to burglarize the liquor store, but that he had been talked into it. His reason for continually getting into trouble was that he disliked being called a "chicken" or a "punk." Furthermore, the appellant stated that he knew what he had done wrong.

At the conclusion of the hearing, the court certified the appellant to stand trial as an adult and transferred the case to the Criminal Division of the District Court.

As his first assignment of error, appellant asserts that his certification is void because his statutory rights especially under 10 O.S. 1971, §§ 1103, 1109(b), and 1112(c) were violated, thereby, denying the appellant due process of law. The appellant contends that the combined effect of the failure to file a petition or to appoint counsel for the defendant for a period of approximately 25 days and the additional failure of the court to set bond during this period operated to deprive the defendant of his liberty without due process of law.

Article 2, § 17, of the Oklahoma Constitution provides that:

"No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment or indictment or by information."

It is further provided in Article 2, § 20, of the Oklahoma Constitution that an accused " . . . shall be informed of the nature and cause of the accusation against him and have a copy thereof, . . . " In addition, it is required by statute that a defend-

ant be taken before a magistrate without unnecessary delay[1] and that said magistrate immediately inform him of the charge which has been filed against him.[2] This Court has held that a person accused of a felony has a fundamental right to presume that he has been fully complained against in the preliminary complaint. *Carter v. State*, Okl.Cr., 292 P.2d 435 (1956). Such preliminary information or complaint serves to inform the defendant of the charges levied against him and provides the basis upon which he may be retained in custody. Clearly, to detain a defendant without following these procedures in the State of Oklahoma constitutes a violation of due process.

■ We are of the opinion that the petition required by 10 O.S.Supp.1976, § 1103, for formal proceedings in the Juvenile Division of the District Court is analogous in purpose to the preliminary information discussed above. Furthermore, we are of the opinion that detention of a juvenile without timely filing of said petition amounts to a violation of due process. We have been unable to find legal authority for the temporary detention of a suspect for a period in excess of three (3) weeks while an investigation is being made by law enforcement personnel. The Oklahoma Legislature, in dealing with this problem, recently enacted amendments to Title 10 of the Oklahoma Statutes which now expressly require relinquishment of custody of a child to his parents, guardian or other legal custodian, in the event that a petition is not filed and a summons issued within five days of the time said child is taken into custody. Title 10 O.S.Supp.1977, § 1104.1B, effective October 1, 1977.

Also, it is provided in 10 O.S.Supp.1974, § 1112(c), that

"Prior to the entry of an order of adjudication, any child in custody shall have the same right to be released upon bail as would an adult under the same circumstances."

Article 2, § 8, of the Oklahoma Constitution provides that:

"All persons shall be bailable by sufficient sureties, except for capital offense when the proof of guilt is evident, or the presumption thereof is great."

■ However, the State asserts that the appellant must bring the matter of setting bond to the court's attention and give the court opportunity to consider the matter before complaining of error. We do not believe that appellant had to first request that bond be set before the court would entertain such action, but the court should, in all cases on its own motion, entertain the setting of bond, particularly in a situation such as this where the juvenile was without an attorney during the period of incarceration in question.

Finally, the State contends that there was no error or denial of counsel since the appellant and his parents were familiar with juvenile proceedings, and though advised of their rights to counsel, failed to request an attorney. First, we note that it cannot be assumed that because the appellant and his parents have had contact with the court system on prior occasions they knew that counsel could be obtained at that time, especially in view of the fact that no formal proceedings had been initiated against the juvenile. Furthermore, the appellant need not always request an attorney before one may be appointed. According to 10 O.S.1971, § 1109(b), " . . . the court may appoint counsel without such request, if it deems representation by counsel necessary to protect the interest of *the child or other parties* . . . " [Emphasis added]

■ This Court has recognized various situations where it is necessary to assign counsel to represent a juvenile as a requisite of due process. See, *Ex parte Harrelson*, 97 Okl.Cr. 399, 264 P.2d 1004 (1953). In *J.T.P. v. State*, 544 P.2d 1270 at 1277 (1975), this Court also recognized that there is often a question as to whether a minor has the capacity to make a knowing waiver of his rights unless counsel is present. We

---

1. See, 22 O.S.1971, §§ 176, 177 and 181.

2. See, 22 O.S.1971, § 251.

find that in a situation such as in the instant case, where no formal charges in the form of a petition had been preferred against a juvenile and said juvenile has been incarcerated without setting of bond, due process would require inquiry by the court and the appointment of counsel if the juvenile could not afford to obtain counsel for himself.

 Therefore, it is the opinion of this Court that the failure to file a petition for a period of approximately 25 days, combined with the failure to set bail or appoint counsel to protect the interest of this minor, did in fact, operate to deprive him of his liberty without due process of law. In the first paragraph of the Syllabus of the Court in *Benton v. State*, 86 Okl.Cr. 137, 190 P.2d 168 (1948), we stated that "A denial of a constitutional right to a person prosecuted for a crime is prima facie prejudicial." In *In Re Dare*, Okl.Cr., 370 P.2d 846 (1962), this Court stated:

" . . . [T]he trial court may lose jurisdiction if in the course of its proceeding, the fundamental and inalienable rights of the accused are denied without the accused having waived them . . ." (Citation omitted)

We feel that this proposition is applicable to the Juvenile Division of the District Court as well. Therefore, it is our opinion that to comply with the due process clauses of the United States and Oklahoma Constitutions the Order of the District Court certifying the juvenile to stand trial as an adult should be dismissed with prejudice.

Due to the determinative nature of our finding under this assignment of error, we need not consider the other issues raised by the juvenile on this appeal.

For the above and foregoing reasons the Order of the Kay County District Court, Juvenile Division, certifying the juvenile to stand trial as an adult for the alleged offenses of Burglary in the Second Degree and Burglary of an Automobile, is hereby, *REVERSED* and *REMANDED* with Instructions to Dismiss with Prejudice.

BRETT, J., concurs.

BUSSEY, P. J., dissents.

BUSSEY, Presiding Judge, dissenting:

The question before us is: When a juvenile has been held in custody under court order for a period of twenty-five days for investigative purposes prior to the filing of the juvenile complaint, the appointment of counsel or the setting of bail, do these failures to accord the said juvenile his statutory and constitutional rights constitute such a denial of due process of law, under the State and Federal Constitutions, as to bar prosecution of the charges upon which the said juvenile was detained for investigation? I believe that this question must be answered in the negative.

In the instant case, although it is clear that the juvenile was denied his constitutional and statutory rights, the juvenile's defense was not shown to have been prejudiced in any way. No evidence against him was gained as a result of his incarceration. And the delay of twenty-five days in filing a complaint against him does not, in my opinion, constitute such a violation of his right to a speedy trial as to require as dismissal with prejudice.

I join my colleagues in condemning the denial of the juvenile's statutory and constitutional rights, but I would affirm the trial court's certification of the juvenile to stand trial as an adult, since the evidence clearly supports the court's findings that there was prosecutive merit to the charges and that the juvenile is not amenable to rehabilitation. The juvenile and his mother and father were all aware of his detention. The remedy of habeas corpus, guaranteed by both the State and Federal Constitutions, was available but not invoked. There were many members of the Kay County Bar who would have represented the juvenile without fee had their services been requested.