**In the Matter of A. R. T., a Child Under the Age of 18 Years of Age,**
**Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**Nos. J–79–377, J–79–378, and J–79–379.**

Court of Criminal Appeals of Oklahoma.

June 20, 1980.

Major R. Wilson, Asst. Public Defender, Oklahoma County, for appellant.

Andrew M. Coats, Dist. Atty., Richard L. Weldon, Asst. Dist. Atty., Kimberly Morgan, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

The appellant, A. R. T., was certified to stand trial as an adult for three counts of Robbery With Firearms in Case Nos. J–79–377, J–79–378, and J–79–379. The juvenile appeals the certification and prosecutive merit findings in all three cases.

The appellant was arrested on February 19, 1979, by Oklahoma City police officers, relying on information provided by the appellant's twin brother in an illegal confession.[1] On the day of arrest, the appellant, in his father's presence, was interviewed by

---

1. In a companion case, J–79–373, A. L. T. was questioned without *Miranda* warnings and im-

plicated himself and his brother (the appellant) in events which are the subject of this appeal.

a police detective who read the *Miranda* warnings to both. Waivers were signed. This process was repeated the next day. During the questioning sessions, the appellant implicated himself in the three robberies which are the subject of this appeal.

## I

In his first proposition of error, the appellant contends that he was held illegally in the Oklahoma City jail without any petition, bond, or appointment of counsel from February 19, 1979, to February 26, 1979. The record indicates otherwise.

At the time of the appellant's arrest, the reverse certification statute, 10 O.S.Supp. 1978, § 1112(b), was the law.[2] The appellant was charged as an adult with Robbery With a Firearm on February 22, 1979, three days after his arrest. Two additional adult robbery charges were filed on February 26, 1979, as were juvenile charges for the three robberies. The appellant alleges that under 10 O.S.Supp.1979, § 1107, he was illegally detained from the time of arrest, February 19, 1979, until juvenile charges were filed, February 26, 1979.

The record reflects that police officers, acting under color of state law, treated the appellant as they would any adult who was likewise arrested. Under the statute then in force, the police followed procedures authorized by state law. The appellant did not sit in jail for a week without being charged, as he asserts in his brief. A petition was filed and appearance made within three days.

To support his assertion that he was held in the Oklahoma City jail without any petition, bond or appointment of counsel, in violation of his constitutional rights, the appellant cites *T. F. M. v. State*, Okl.Cr., 572 P.2d 280 (1977), as authority. In that case, the defendant was held for 25 days without petition, bond or appointment of counsel. In the present case, the appellant was arrested as an adult and charged three

days later. *T. F. M.* is not in point. The appellant argues that the lower court's granting of a writ of habeas corpus in all three cases supports his contention that he was illegally detained. The record indicates no finding of illegal detention by the lower court.

There is also nothing in the record to indicate that the appellant was denied right to counsel. He was questioned on the day of arrest, his father was present, and both signed a waiver. This was the appropriate procedure under 10 O.S.Supp.1979, § 1109.

## II

Next, the appellant alleges that the trial court erred in admitting his incriminating statements at a prosecutive merit hearing. The appellant asserts that he was illegally arrested and that the *Miranda* warnings may have gone to the voluntariness of the confession but that they did not purge the taint of the illegal arrest. Under 22 O.S.Supp.1979, § 196, a police officer may arrest a person without a warrant when a felony has in fact been committed and he has reasonable cause for believing the person arrested committed the crime. The record indicates that is precisely what happened in the case at bar. The appellant's brother implicated himself and the appellant to Detective Robert Shahan. Using that information, police arrested the appellant. Because the brother not only implicated the appellant but also himself, Detective Shahan had reason to rely on the information to arrest the appellant. There was more than mere suspicion for the arrest; there was probable cause. There was no taint on the arrest.

Also, there is no "fruit of the poisonous tree" problem here. Unlike *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), there was no illegal search. Although the confession of the appellant's twin brother was given

---

2. In *State ex rel. Coats v. Johnson*, Okl.Cr., 597 P.2d 328 (1979), this Court held that 10 O.S. Supp.1978, §§ 1104.2 and 1112(b), were unconstitutionally vague. Adult charges which justified original detention were subsequently dismissed on May 17 and 18, 1979, and the prosecution took the burden of proof to certify the appellant as an adult. There is no reverse certification issue on appeal.

without *Miranda* warnings and is therefore tainted as to him, the reliability of the information obtained in that confession provides a sound basis for the appellant's arrest, and the arrest itself was not tainted. The confession of the brother, made without *Miranda* warnings, presents a Fifth Amendment voluntariness problem which can be asserted by the one making the incriminating statements. Since there was no illegal search or detention of the appellant's brother, the *Wong Sun* fruit of the poisonous tree doctrine does not apply to the case at bar. The appellant has no standing to object to the confession of his brother. Fifth Amendment rights are personal. Since the arrest of the appellant was not tainted, we need not look at the passage of time between the taint and the appellant's subsequent confession to determine if the taint was purged. The appellant's arrest was legal, his confession was given after a knowing and intelligent waiver in accordance with prescribed procedure, and therefore the lower court properly admitted the appellant's incriminating statements in the prosecutive merit proceedings.

The appellant uses *Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979), as authority to support his contention that his incriminating statements were inadmissible. In *Dunaway* police arrested on mere suspicion, violating the Fourth Amendment. In the present case, there was probable cause for the appellant's arrest and no Fourth Amendment violation. We find no merit in this proposition of error.

### III

 Last, the appellant asserts that there was absolutely no evidence presented at the certification hearing on May 14, 1979, on which the lower court could find the appellant not amenable to rehabilitation through the juvenile system. The appellant contends that the lower court did not take into consideration all five factors listed in 10 O.S.Supp.1978, § 1112, as a basis for certification. A careful review of the transcript of the certification hearing reveals that all relevant factors were considered. We find no abuse of discretion by the lower court. This proposition of error is without merit.

The order of the District Court certifying the appellant to be tried as an adult is *AFFIRMED.*

CORNISH, P. J., and BUSSEY, J., concur.