NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:
JERMAINE B. JOHNSON, *Petitioner/Appellee*,

*v.*

TWYLA BOATLEY, *Respondent/Appellant*.

No. 1 CA-CV 15-0252 FC
FILED 1-19-2016

Appeal from the Superior Court in Maricopa County
No. FC2014-005635
The Honorable Michael J. Herrod, Judge

**AFFIRMED**

COUNSEL

Twyla Boatley, Phoenix
*Respondent/Appellant*

Alongi & Donovan Law PLLC, Tempe
By Ashley A. Donovan
*Counsel for Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Donn Kessler joined.

---

**W I N T H R O P**, Judge:

¶1        Twyla Boatley ("Mother") appeals the family court's judgment regarding the petition by Jermaine Johnson ("Father") to establish legal decision-making authority and parenting time of their biological child J.B.  Mother generally alleges the superior court erred during her dependency proceedings before the juvenile court and the custody proceedings before the family court, and asks us to reverse the superior court's judgment and order a new trial.[1]  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Shortly after birth, J.B. was placed with M.G., identified by Mother as J.B.'s father.  At or about the same time, the Department of Child Safety ("DCS") filed a dependency petition regarding J.B. as to Mother.[2]  Father's mother ("Grandmother") learned Father might be J.B.'s father and contacted DCS.  Not long after the initial placement, M.G. returned J.B. to DCS, refusing to take further care of him.  After Father's paternity of J.B. was established, DCS placed J.B.'s physical custody with Grandmother.  Father petitioned the juvenile court to grant him sole legal decision-making

---

[1]        Mother also asks us to appoint her an attorney for this appeal and the family court proceedings below.  We deny this request because there is no right to appointment of counsel in civil proceedings in Arizona.  *Powell v. State*, 19 Ariz. App. 377, 378, 507 P.2d 989, 990 (1973); *cf.* Ariz. Const. art. 2 § 24 (mandating the rights to counsel to the accused in criminal proceedings); Ariz. R. Crim. P. 6.1(a) (codifying such rights in criminal proceedings); Ariz. Rev. Stat. ("A.R.S.") § 8-221 (codifying the rights to counsel in juvenile proceedings).  Note we cite the current version of all applicable statutes unless revisions material to this decision have occurred since the events in question.

[2]        It is unclear whether Mother placed, or asked DCS to place, J.B. with M.G.

authority and no parenting time to Mother. DCS then moved to dismiss the dependency regarding J.B. as the case plan was changed to reunification with Father. The juvenile court granted the motion, temporarily placed J.B. with Father, and transferred jurisdiction of the matter to the family court. After an evidentiary hearing, the family court granted Father sole legal decision-making authority of J.B. and granted Mother therapeutic supervised visitation with the child every two weeks for up to two hours at Mother's expense. Mother timely appealed the family court's order.

**ANALYSIS**

¶3        We have appellate jurisdiction over the family court's order pursuant to the Arizona Constitution, Article 6, Section 9; A.R.S. §§ 12-120.21(A)(1), -2101(A)(1). To the extent Mother challenges any orders from the juvenile court, her appeal is untimely, and we cannot consider it. *See* Ariz. R.P. Juv. Ct. 104(A) (requiring a notice of appeal be filed no later than fifteen days after the filing of the final order); *Pima Cty., Juv. Action No. B-9385*, 138 Ariz. 291, 294–95, 674 P.2d 845, 848–49 (1983) (dismissing an appeal due to an untimely notice of appeal).

¶4        Mother did not cite to the record in her brief or provide any transcript of the hearing before the family court. An appellant must cite to the record in the statement of facts or in the argument section of the opening brief. ARCAP 13(a)(4) & 13(a)(7). Failure to do so may constitute waiver as to the issues raised in the brief. *Delmastro & Eells v. Taco Bell Corp.*, 228 Ariz. 134, 137 n.2, ¶ 7, 263 P.3d 683, 686 n.2 (App. 2011). In the exercise of our discretion, however, we will consider the merits of her arguments relative to the family court's decisions. *See id.* (stating the appellate court may entertain deficient briefs on merits). However, to the extent Mother contends that the court's order is not supported by the evidence presented, Mother had the responsibility to order and provide this court with the transcript of any evidentiary hearing. ARCAP 11(c); *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 16, 66 P.3d 70, 73 (App. 2003). In the absence of such transcript, we will presume that the testimony and other evidence discussed in the missing transcript supports the court's factual findings and conclusions of law. *Burton*, 205 Ariz. at 30, ¶ 16, 66 P.3d at 73.

        *I.        Evidence*

¶5        As a preliminary matter, Mother contends the family court erred in excluding some video evidence of a visitation session with J.B. on the basis of untimely disclosure, claiming Father's attorney signed a receipt acknowledging timely receipt of all exhibits. We review the court's rulings

on admissibility of evidence for abuse of discretion. *State v. Salamanca*, 233 Ariz. 292, 294–95, ¶ 8, 311 P.3d 1105, 1107–08 (App. 2013). A party who fails to timely disclose information may not use the information as evidence unless the failure is harmless, except by leave of court for good cause shown. Ariz. R. Fam. Law P. 65(C)(1).[3] "Good cause" should be "broadly interpreted to require an examination of the grounds for granting relief, rather than limiting the inquiry only to the specific reasons why evidence was not timely disclosed." *Allstate Ins. Co. v. O'Toole*, 182 Ariz. 284, 287, 896 P.2d 254, 257 (1995).[4] In his brief, Father advises that none of Mother's exhibits were timely disclosed, but that the court admitted all of those exhibits she physically provided to counsel on the day of the hearing. The subject video evidence, however, could not be displayed, so counsel and the court could not determine what relevant evidence, if any, was contained on the video. Additionally, Mother did not provide a transcript of the evidentiary hearing before the family court and, as previously noted, we presume the missing transcript supports the family court's ruling excluding the video evidence.[5] *See Burton*, 205 Ariz. at 30, ¶ 16, 66 P.3d at 73. On this record, the family court did not abuse its discretion in excluding the evidence.

## II. *Legal Decision-Making Authority and Parenting Time*

¶6 The family court must "determine legal decision-making and parenting time . . . in accordance with the best interest[] of the child." A.R.S. § 25-403(A); *accord Hays v. Gama*, 205 Ariz. 99, 102, ¶ 18, 67 P.3d 695, 698

---

[3] Rule 65 is the family law equivalent of Arizona Rule of Civil Procedure 37; as such, we look to the case law interpreting and applying Rule 37 in evaluating the family court's application of Rule 65. Ariz. R. Fam. Law P. 65, comm. cmt; *see* Ariz. R. Fam. Law P. 1, comm. cmt (allowing, in applying the family law rules, to follow case law interpreting Arizona Rules of Civil Procedure wherever the language in the family law rules is substantially the same as the language in the Rules of Civil Procedure).

[4] The part of Ariz. R. Civ. P. 26.1(c) interpreted by the *Allstate* court was deleted and replaced with an amendment to Ariz. R. Civ. P. 37(c)(1) to codify the holding in *Allstate*. *Marquez v. Ortega*, 231 Ariz. 437, 442–43, ¶ 21, 296 P.3d 100, 105–06 (App. 2013).

[5] In a separate section of her brief, Mother argues the family court erred in denying the introduction of her mental health records. We again presume the missing transcript would also support this ruling.

(2003). The court must also make specific findings on the record about the factors and reasons for which the court's decision is in the best interest of the child. A.R.S. § 25-403(B); *In re Marriage of Diezsi*, 201 Ariz. 524, 525–26, ¶ 4, 38 P.3d 1189, 1191 (App. 2002). We review the family court's order on child custody and parenting time for abuse of discretion. *Armer v. Armer*, 105 Ariz. 284, 289, 463 P.2d 818, 823 (1970); *Owen v. Blackhawk*, 206 Ariz. 418, 420, ¶ 7, 79 P.3d 667, 669 (App. 2003). We will uphold the family court's factual findings unless clearly erroneous. Ariz. R. Fam. Law P. 82(A), *Berger v. Berger (In re Marriage of Berger)*, 140 Ariz. 156, 161, 680 P.2d 1217, 1222 (App. 1983). Here, the family court made the detailed findings required by A.R.S. §§ 25-403.01(B), -403(A), -403.03, -403.04, and -403.05(A). On this record, we do not find the findings clearly erroneous.[6]

¶7          Mother implies that the family court erred in granting Father sole legal decision-making authority because Father is a registered sex offender. The family court may not award a registered sex offender with sole or joint legal decision-making authority of, or unsupervised parenting time with, a child unless it finds "there is no significant risk to the child and states its reasons in writing." A.R.S. § 25-403.05(A). Here, the family court's order notes that Father committed the offense at seventeen; that he completed his sentence for the offense; that DCS had investigated the offense and had determined it was not a bar to Father obtaining custody of J.B.; and that the juvenile court placed J.B. with Father with express knowledge of the conviction. Although the family court did not in its order explicitly find Father poses no significant risk to J.B., we again presume the missing transcript would support the court had made this finding. *See Burton*, 205 Ariz. at 30, ¶ 16, 66 P.3d at 73. On this record, the family court did not abuse its discretion in this regard.

¶8          "A parent who is not granted sole or joint legal decision-making is entitled to reasonable parenting time to ensure that the minor child has substantial, frequent, meaningful and continuing contact with the parent unless the court finds, after a hearing, that parenting time would endanger the child's physical, mental, moral or emotional health." A.R.S. § 25-403.01(D). Similarly, before restricting a parent to supervised visitation, the court must find, "in the absence of the order[,] the child's

---

[6]          In making the findings on Mother's illegal substance use, the family court's written order did not specify whether her use was within twelve months before the filing of petition for legal decision-making authority and parenting time as required by A.R.S. § 25-403.04(A); however, we presume the missing transcript supports the family court making the required finding. *See Burton*, 205 Ariz. at 30, ¶ 16, 66 P.3d at 73.

physical health would be endangered or the child's emotional development would be significantly impaired, and . . . the best interest[] of the child would be served." A.R.S. § 25-410(B). Here, the family court expressly found that Mother had mental health issues and often reacted with violence in attempting to resolve conflicts with adults, all of which caused the court to be concerned about J.B.'s physical, mental, and emotional health, and to structure Mother's parenting time accordingly. In her brief, Mother claims she poses no danger to the child, has sought mental health treatment, and has in her possession recommendation letters from counselors in this regard. She further asserts the mental health records from DCS contain biased information or false criminal and mental health records; however, as with other factual assertions in her brief, Mother did not cite to any portion of the record to support her assertions. On this record, reasonable evidence supports the court's findings. Mother was diagnosed with mental health disorders but has refused to take prescribed medication. Since an early age, Mother has resorted to violence in dealing with conflicts. Although there is no direct evidence of child abuse or neglect as to J.B., the record shows DCS removed Mother's other four children because she threatened to kill them. All of this evidence supports the court's concern about J.B.'s potential safety and health were Mother allowed unsupervised visitation.

¶9         Accordingly, the family court did not err in granting Father sole legal decision-making authority of J.B. and in granting Mother therapeutic supervised visitation with J.B. Father seeks an award of attorneys' fees incurred relative to the appeal pursuant to § 25-324. In our discretion, we deny that request, but award Father his costs on appeal, subject to compliance with ARCAP Rule 21.

## CONCLUSION

¶10         The family court's judgment is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama