[Criminal No. 534. Filed January 16, 1923.]

[211 Pac. 594.]

# V. C. MUSGRAVE, Appellant, v. STATE, Respondent.

1. HABEAS CORPUS — RECORD HELD INSUFFICIENT ON APPEAL FROM ORDER REFUSING DISCHARGE.—On appeal from an order refusing to discharge an applicant for a writ of *habeas corpus*, the lower court's record, a copy of the order, the notice of appeal, and appeal bond, are insufficient to prevent dismissal (Pen. Code, 1913, sec. 1164) and require the court to examine the record for fundamental errors (sections 1170, 1171), although probably sufficient for such purposes on appeal from a final judgment of conviction, an order denying a motion for new trial, or an order after judgment affecting a substantial right of appellant, as provided in section 1153; such appeal being governed by the Civil Code.

2. HABEAS CORPUS — COURT WILL NOT EXAMINE RECORD ON APPEAL FROM ORDER REFUSING DISCHARGE WHERE APPELLANT FILES NO BRIEF CONTAINING ASSIGNMENT OF ERRORS RELIED ON.—In view of Civil Code of 1913, paragraph 1231, requiring that the court, on appeal from a final judgment, review all orders and rulings "assigned as error," the Supreme Court will not examine the record, on appeal, under paragraph 1227, subdivision 7, from an order refusing to discharge a petitioner for a writ of *habeas corpus*, to determine whether he has been prejudiced, where appellant files no brief containing "assignment of errors relied upon, separately stated," as required by paragraph 1261.

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Appeal dismissed.

Mr. S. B. Pugh and Mr. Fred C. Bolen, for Appellant.

Mr. W. J. Galbraith, Attorney General, for the State.

ROSS, J.—On January 9, 1922, appellant caused to be filed in the Supreme Court the record of the lower court upon an application for a writ of *habeas corpus*, a copy of the order refusing his discharge, his notice of appeal, and a bond on appeal. The only paper filed in the case thereafter is a stipulation with the Attorney General, dated and filed February 13, 1922, extending his time to file his brief thirty days.

This appeal is governed by the provisions of the Civil and not the Penal Code. Under the latter, the record would probably be sufficient to prevent the dismissal of the case (section 1164, Pen. Code), and to require the court to examine it for fundamental errors. Sections 1170 and 1171, Id. But this can only be when the appeal is from a final judgment of conviction, or from an order denying a motion for a new trial, or from an order made after judgment affecting a substantial right of appellant, as provided in section 1153, Id. The appeal here does not fall within any of such grounds.

Subdivision 7, paragraph 1227, of the Civil Code of 1913, gives the petitioner for a writ of *habeas corpus* the right of appeal upon an order refusing his discharge. And other provisions of the chapter, of which paragraph 1227 is a part, direct what steps appellant must pursue to have his case reviewed for error.

Paragraph 1231 provides that "upon appeal from a final judgment the court shall review all orders and rulings made by the court below, which are assigned as error."

Paragraph 1261 requires appellant to file a brief containing, among other things, "assignment of errors relied upon, separately stated."

Appellant having failed to comply with the statutes, and our rules, we will not examine the record to determine whether or not he has been prejudiced by the court's refusal to discharge him.

The appeal is ordered dismissed for want of prosecution.

McALISTER, C. J., and LYMAN, J., concur.