373 P.2d 357

**STATE of Arizona, Appellee,**

**v.**

**Jack Clifton DOWTHARD, Appellant.**

**No. 1228.**

Supreme Court of Arizona.

En Banc.

July 10, 1962.

Rehearing Denied Sept. 18, 1962.

Robert W. Pickrell, Atty. Gen., Stirley Newell, Asst. Atty. Gen., Jeff Richards, County Atty., of Yuma County, for appellee.

James S. Tegart, Yuma, for appellant.

JENNINGS, Justice.

Defendant, Jack Clifton Dowthard, was charged with first degree burglary. The case first went to trial on May 31, 1961. Due to statements made by one of the States' witnesses the court granted defendant's motion for a mistrial and thereupon discharged the jury. The second trial resulted in a verdict of guilty of second degree burglary. From the conviction defendant appeals.

The defendant first assigns as error the failure of the trial court to grant his motion to quash the information. Defendant moved that the information be quashed on the ground of former jeopardy. The motion was made following the declaration of mistrial and discharge of the jury at the first trial. It is defendant's position that there was no legal ground for the mistrial and that he did not voluntarily consent to it even though it was granted on his motion. Therefore, he contends, he had been once in jeopardy of conviction and could not be prosecuted again for the same offense.[1]

1. The Arizona Constitution, Art. II, Sec. 10, A.R.S., provides: "No person shall * * * be twice put in jeopardy for the same offense."

■ This assignment is without merit. Although the discharge of a jury after the trial has begun without some legal reason will ordinarily operate as a bar to further prosecution, Westover v. State, 66 Ariz. 145, 185 P.2d 315 (1947), the defense of former jeopardy is not available to a defendant where a mistrial is granted upon his motion. United States v. Harriman, 130 F.Supp. 198 (D.C.S.D.N.Y.1955) (Defendant moved for mistrial because of material, prejudicial variance between indictment and proof); McLendon v. State, 74 So.2d 656 (Fla.Sup.Ct.1954) (Defendant moved for mistrial on the ground that the state furnished an erroneous list of witnesses to be used against him); Kamen v. Gray, 169 Kan. 664, 220 P.2d 160, certiorari denied 340 U.S. 890, 71 S.Ct. 206, 95 L.Ed. 645 (1950) (Defendant moved for mistrial because of erroneous admission of a police record); State v. Diaz, 36 N.M. 284, 13 P.2d 883 (1932) (Plea of former jeopardy held to be unavailable where mistrial was declared on motion of accused); State v. Wolak, 33 N.J. 399, 165 A.2d 174, certiorari denied 365 U.S. 822, 81 S.Ct. 710, 5 L. Ed.2d 701 (1960) (Defendant moved for mistrial because of alleged prejudicial misconduct of the prosecutor); State v. Ravencraft, 222 S.C. 139, 71 S.E.2d 798 (1952) (Defendant moved for mistrial because of admission of testimony indicating he had committed another offense).

■ In the case at bar the defendant, by his request for a mistrial is estopped from asserting the defense of former jeopardy. For, as stated in Harriman, "to permit the safeguard against double jeopardy to bar a second trial whenever a defendant can successfully maintain one course in the first trial and its opposite in the second one would nullify those 'ends of public justice' that the constitutional provision was designed to serve." 130 F.Supp. at 204.

Defendant's second, third and fourth assignments of error involve a statement made by the county attorney in his closing argument to the jury.[2] After the instructions had been given and the jury had retired to deliberate, the following transpired:

"THE COURT: Let the record show that after the Court had finished the instructions to the jury, * * * Mr. Tegart, as counsel for the defendant, * * * approached the Bench and requested the right to move for a mistrial upon the basis of Mr. Richard's the county attorney, statement in his closing argument to the jury wherein, in substance, he stated that if the jury desired they would have the right to turn the defendant loose to go out and commit other burglaries or, on the other hand, they would have the right

---

2. The closing argument was not taken down by the court reporter.

to find him guilty as charged in the information."

Defendant contends that it was error for the court to permit such argument over his objection.[3] In addition he contends that the trial court erred in denying his motion for mistrial and in denying his motion for a new trial, both of which were based upon the above statement made by the county attorney.

This Court has repeatedly held that attorneys are given wide latitude in their arguments to the jury. State v. Thomas, 78 Ariz. 52, 275 P.2d 408, affirmed 356 U.S. 390, 78 S.Ct. 885, 2 L.Ed.2d 863 (1954); State v. McLain, 74 Ariz. 132, 245 P.2d 278 (1952). Since there is no record of the actual argument, there is no way of placing the statement in its proper context, or of determining whether it was merely a reply to some statement made in the defense argument. Even so, we do not feel that the remark objected to was such error as to require a reversal of the case.

In determining whether remarks made by counsel in criminal cases are so objectionable as to cause a reversal of the case, we have stated the best rule to be:

"* * * Do the remarks call to the attention of the jurors matters which they would not be justified in considering in determining their verdict, and were they, under the circumstances of the particular case, probably influenced by these remarks." Sullivan v. State, 47 Ariz. 224, 238, 55 P.2d 312, 317 (1936).[4]

There is nothing in the record to show that the remark so prejudiced the jury that it was the cause of the conviction of defendant. In addition, the jury was fully instructed that they were to predicate their verdict solely upon the facts as they found them from the evidence and the law as given to them by the court.

Defendant's last assignment is that the court erred in entering a judgment of guilty

3. Defendant had interposed an objection at the time the statement was made. The record does not disclose defendant's reason for objecting to the argument. There was no motion to strike, no request that the jury be admonished to disregard the statement nor was there a request for a mistrial at the time the statement was made.

4. In Sullivan, it was alleged that the county attorney had referred to the defendant in his argument as "nothing but a low down murderer" and had "requested the jury to fix the penalty of death rather than life imprisonment, because the average prisoner sent up for life only serves on an average of eight years, and that, if the defendant received a life sentence, he would probably be paroled in eight years and thrown on society to kill and murder again." In affirming the conviction the Court stated: "* * * the remark objected to, under the circumstances of this case, was not such error as to require reversal thereof."

of first degree burglary when, in fact, the jury returned a verdict of guilty of second degree burglary.

The defendant was charged in the information with first degree burglary but, in light of the evidence adduced at the trial the court instructed the jury only as to second degree burglary. The jury returned a verdict of guilty of second degree burglary. The judgment and sentence were orally rendered wherein defendant was sentenced to 3 to 5 years in prison. However, the formal written judgment and sentence reads in part:

"NOW, THEREFORE, IT IS THE JUDGMENT AND SENTENCE OF THE COURT that you, Jack Clifton Dowthard, are guilty of the crime of First Degree Burglary, a felony, and that you be punished therefor as follows: That you be confined and imprisoned in the State Prison at Florence, Arizona, * * * for a period of not less than three (3) years nor more than five (5) years, * * *."

Rule 325 of the Arizona Rules of Criminal Procedure, 17 A.R.S., provides:

"A. Judgment shall be rendered in open court.

"B. When judgment of guilty has been rendered, the court shall pronounce sentence in open court and it shall be entered of record."

The judgment is complete and valid when it is orally pronounced by the court and entered in the minutes. Moore v. State, 55 Ariz. 43, 97 P.2d 925 (1940); Anderson v. State, 54 Ariz. 387, 96 P.2d 281, 126 A.L.R. 501 (1939). Nothing further is necessary to make it valid, Moore v. State, supra, nor is a written judgment required, Anderson v. State, supra.

Defendant argues however, that the minute entry does not show that judgment was rendered in open court before sentence was imposed and he therefore does not know whether judgment was rendered in open court.[5] The minute entry made at the time reads:

"Defendant is arraigned for sentence and IT IS ORDERED the sentence may be a minimum term of 3 years and a maximum term of 5 years in the State Penitentiary."

We have previously stated that "minute entries are of necessity condensed" and that "it is only in the recording of the formal judgment that it is copied in toto." State v. Superior Court, 78 Ariz. 367, 280 P.2d

5. Defendant's counsel on appeal also represented him in both trials below. The records show that defendant was present in court with his counsel on July 5th when the court pronounced its sentence and judgment.

691, certiorari denied 349 U.S. 922, 75 S.Ct. 661, 99 L.Ed. 1254 (1955). Although the minute entry does not show that judgment was rendered before sentence was imposed we are of the opinion that Rule 325 was complied with in imposing the sentence upon the defendant.

The records show that the court instructed the jury and submitted a verdict on second degree burglary only, that the jury returned a verdict of "guilty of second degree burglary", and that the defendant's sentence was within the limitations for second degree burglary.[6] The mere erroneous recital in the formal written judgment that the conviction was for the offense of first degree burglary should not be allowed to overcome what the whole record establishes to the contrary. While defendant is not entitled to a reversal of his case he is entitled to have the written judgment so changed as to conform to the actual judgment rendered. The judgment of conviction should be modified by striking the words "first degree" and substituting the words "second degree" therefor. As thus modified the judgment is affirmed.

BERNSTEIN, C. J., UDALL, V. C. J. and STRUCKMEYER and LOCKWOOD, JJ., concur.

6. A.R.S. § 13–302 provides that first degree burglary is "punishable by imprisonment in the state prison for not less than one nor more than fifteen years" while second degree burglary is "punishable by imprisonment in the state prison for not to exceed five years."