435 P.2d 70

**Application of Edwin H. ANDERSON for a writ of habeas corpus.**

**L. C. BOIES, Sheriff of Maricopa County, Respondent-Appellant,**

v.

**Edwin H. ANDERSON, Petitioner-Appellee.**

**No. I CA–CIV 498.**

Court of Appeals of Arizona.
Dec. 21, 1967.

Darrell F. Smith, Atty. Gen., by Frank A. Parks, Asst. Atty. Gen., for appellant.

No appearance for appellee.

STEVENS, Judge.

■ This case involves an appeal from an order of the Maricopa County Superior Court granting a writ of habeas corpus and ordering the release of Edwin H. Anderson. Although neither party has chal-lenged the jurisdiction of this Court, we must inquire into our jurisdiction to hear this appeal. Stevens v. Mehagain's Home Furnishings, Inc., 90 Ariz. 42, 365 P.2d 208 (1961); Searles v. Haldiman, 3 Ariz.App. 294, 413 P.2d 860 (1966); Pegler v. Sullivan, 4 Ariz.App. 149, 418 P.2d 395 (1966).

The appellee, Anderson, was charged by a criminal complaint in the State of California with the crime of grand theft. At the time of the filing of the complaint, he was in the State of Arizona. The California executive authority instituted extradition proceedings. Anderson was ordered extradited after a Governor's hearing in Arizona. Pursuant to A.R.S. § 13–1310, he filed a petition for a writ of habeas corpus and a writ was issued in the trial court. At the conclusion of the hearing in the trial court a minute entry order was entered granting Anderson's release. This appeal is by the Sheriff from the minute entry order of release.

■ The jurisdictional issue presented is whether a judgment or order in a habeas corpus proceeding must be reduced to writing, signed by a judge and filed in accordance with Civil Rules 54(a) and 58(a), 16 A.R.S., before it is final and effective for purposes of appeal as in any civil proceeding, or whether the special nature of habeas corpus entitles such a proceeding to be treated as a criminal proceeding subject to the rule of State v. Dowthard, 92 Ariz. 44, 373 P.2d 357 (1962). Dowthard holds that a judgment in a criminal case is complete and valid when it is orally pronounced by the court and entered in the minutes, there being no requirement of a written judgment. We deem this issue to be of sufficient general interest to warrant a formal opinion.

■ A habeas corpus proceeding is not a criminal proceeding. It is a civil proceeding collaterally attacking a judgment to test the legality of and correctness of detention. See Oswald v. Martin, 70 Ariz. 392, 222 P.2d 632 (1950); Eyman v. Cumbo, 99 Ariz. 8, 405 P.2d 889 (1965); Leonard v. Eyman, 1 Ariz.App. 593, 405 P.2d

903 (1965). It has long been held in Arizona that an appeal in a habeas corpus matter is governed by the provisions of the civil and not the penal code, and failure to comply with the civil appeal statutes is grounds for dismissal. Musgrave v. State, 24 Ariz. 582, 211 P. 594 (1923); In re Belmas, 25 Ariz. 235, 215 P. 728 (1923).

No provision is made in the criminal appeal statutes for appeals in habeas corpus proceedings. The only provisions relating to appeals in habeas corpus are found in the civil appeals statute, A.R.S. § 12–2101. Appeals are permitted under subsection L of § 12–2101,

> "From an order or judgment made and entered on habeas corpus proceedings:
>
> "1. The petitioner may appeal from an order or judgment refusing his discharge.
>
> "2. The officer having the custody of the petitioner, or the county attorney on behalf of the state, from an order or judgment discharging the petitioner whereupon the court may admit the petitioner to bail pending the appeal."

It would be inconsistent with prior Arizona Rulings and rulings from other jurisdictions to hold that *Dowthard* is applicable to judgments in habeas corpus proceedings. The major problem relates to the fact that not all habeas corpus proceedings arise out of criminal actions. If this Court were to hold that *Dowthard* applied only to habeas corpus proceedings arising out of criminal actions, then there would be, in effect, a double standard that would have to be applied to habeas corpus appeals depending upon whether the action arose out of criminal or civil proceedings. This would lead to confusion.

█ In view of the foregoing considerations we hold that *Dowthard* does not apply to appeals in habeas corpus cases, and that appeals in habeas corpus are controlled by the Rules of Civil Procedure. Therefore, the "judgment" or "order" (A.R.S. § 12–2101, subsec. L) in a habeas corpus proceeding, in order to be appealable, must comply with the formal requirements of any other civil judgment, that is, it must be in writing, signed by the judge and filed before it is effective.

█ Even though the order appealed from in this case is not in appealable form, we do not find it necessary to entirely dismiss this appeal. In accordance with the procedure set forth in Eaton Fruit Company v. California Spray-Chemical Corp., 102 Ariz. 129, 426 P.2d 397 (1967), this appeal is suspended pending application by appellant in the Superior Court for a formal written order granting the writ of habeas corpus and ordering the release of the defendant. The Superior Court is authorized to enter a formal written order as an order in furtherance of the appeal, and when entered, the Clerk of the Superior Court is directed to supplement the record by transmittal thereof to the Clerk of the Court of Appeals, Division One, in accordance with the prevailing rules governing appeals.

Upon receipt by the Clerk of the Court of Appeals, Division One, of the formal written order, the appeal will be considered as reinstated without further action by this Court. Failing compliance with this opinion within thirty days from the date of the filing hereof, the Clerk of this Court will issue the mandate which will constitute a dismissal of this appeal without prejudice.

DONOFRIO, J., concurs.

CAMERON, Chief Judge (dissenting).

I agree that where applicable the civil rules apply, but I believe that the special nature of habeas corpus, a high prerogative writ favored in the law, would not allow the failure of the court to reduce to written form an order releasing the defendant from custody or keeping the defendant in custody to defeat the appealability of said order. I believe *Dowthard* would apply.