890 P.2d 625

**Jimmy SIMS, Appellant–Petitioner,**

v.

**Charles RYAN, et al., Appellees–Respondents.**

**No. 1 CA–HC 94–0010.**

Court of Appeals of Arizona, Division 1, Department D.

Feb. 21, 1995.

Jimmy Sims, in pro. per.

Grant Woods, Atty. Gen. by Gordon S. Bueler, Asst. Atty. Gen., Phoenix, for appellees.

## OPINION

FIDEL, Presiding Judge.

The primary question presented in this appeal is jurisdictional. Sims, an inmate of the Arizona Department of Corrections ("ADOC"), filed a petition for writ of habeas corpus with the Superior Court. He appeals from an order denying his petition. The State claims that we lack jurisdiction because the trial court did not issue its order in a signed minute entry or judgment. The State relies on *Boies v. Anderson (In re Anderson)*, 6 Ariz.App. 563, 435 P.2d 70 (1967), an opinion by a divided panel of this court. We take jurisdiction despite the lack of a signed minute entry or judgment because we conclude that the *Anderson* majority was mistaken and the *Anderson* dissent was right. On the merits, we affirm the trial court's denial of relief.

## BACKGROUND

Nine months after he was sentenced to prison for robbery, Sims was granted a limited parole by the Arizona Board of Pardons and Paroles. Before all conditions of parole were met, Sims was accused of assaulting another inmate. A prison disciplinary committee found Sims guilty of a major rule violation and placed him in a parole-ineligible class for sixty days. Because Arizona Revised Statutes Annotated ("A.R.S.") § 41–1604.06(D) requires that prisoners remain parole-eligible from the date parole is certified until release, the Board rescinded Sims's parole.

Sims's appeal of the rescission, though received in the Disciplinary Appeals Section of the ADOC on August 17, 1993, was not heard and denied until October 7, 1993. Although the ADOC Rules of Discipline require an appeals officer to report findings on an appeal within ten working days of receipt, an extension was granted due to a "backlog of pending appeals."

Sims eventually filed a Petition for a Writ of Habeas Corpus, alleging that he never received notice that ADOC sought an extension, never received notification of the outcome of the appeal, and suffered a denial of due process because the "dilatory measures" of prison authorities impaired his liberty interest in parole eligibility. The trial court found by minute entry that Sims "was not wrongfully denied his constitutional or other rights in his prison disciplinary proceeding." Sims appeals.

## JURISDICTION

Though most habeas corpus proceedings concern criminal confinement, Arizona classifies all such proceedings as civil in nature. *Oswald v. Martin,* 70 Ariz. 392, 397, 222 P.2d 632, 635 (1950) (a jail or prison inmate's habeas corpus proceeding is a civil collateral attack on a criminal judgment). Confusion arises from differing civil and criminal requirements concerning appealable orders.

In criminal proceedings, to avoid delay, judgments are complete when orally pronounced and entered in court minutes; no signed judgment or signed minute entry is needed to support an appeal. *State v. Dowthard,* 92 Ariz. 44, 48, 373 P.2d 357, 359 (1962). In civil matters, by contrast, an appealable judgment must be signed. Ariz. R.Civ.P. 58(a), 16 A.R.S. And though a minute entry may qualify as an appealable judgment, to do so the minute entry must be signed. Ariz.R.Civ.App.P. 2(d), 17B A.R.S.;

**332**

*Focal Point, Inc. v. Court of Appeals,* 149 Ariz. 128, 129–30, 717 P.2d 432, 433–34 (1986).

■ The question therefore arises whether a habeas corpus appeal, as a civil proceeding, requires a signed minute entry or judgment even when the matter arises from a criminal conviction or confinement. That question was answered affirmatively by a divided panel of this court twenty-eight years ago in *Anderson.* 6 Ariz.App. at 565, 435 P.2d at 72. Our supreme court has never addressed the issue; nor has this court revisited the issue until now.

Time has shown two practical problems under *Anderson.* First, because the vast majority of habeas corpus cases are criminal in nature, they are handled by judges on criminal assignment, whose unsigned minute entries suffice for ordinary purposes in their courts. In the absence of a routine practice of signing minute entries, it is not uncommon for habeas corpus minute entries to be filed unsigned.

Second, most habeas corpus appellants are incarcerated and proceed *in propria persona.* To suspend their appeals and make them seek signed minute entries is a burdensome and profitless formality. Whether represented or unrepresented, a habeas appellant whose position is well-taken should not face prolongation of an unjust confinement merely to get the trial court order signed. It was Justice Cameron—then a member of this court—who dissented in *Anderson,* observing that an appellate requirement to pause for a written order was inconsistent with "the special nature of habeas corpus, a high prerogative writ favored in the law." *Id.* (Cameron, C.J., dissenting). Time has convinced us of the wisdom of his dissent. The same delay concerns that cause us to treat criminal judgments as complete when orally pronounced and entered in court minutes, apply in habeas proceedings as well. *Cf. Dowthard,* 92 Ariz. at 48, 373 P.2d at 359.

We therefore reject *Anderson* and hold that the signed judgment requirement of Rule 58, Ariz.R.Civ.P., does not constitute a jurisdictional prerequisite for habeas corpus appeals.[1]

## RELIEF

■ The purpose of habeas corpus is release of one unlawfully detained. A.R.S. § 13–4131; *State v. Abbott,* 103 Ariz. 336, 339, 442 P.2d 80, 83 (1968). "Habeas Corpus is not the appropriate means to order something less than 'absolute release.'" *Long v. Arizona Board of Pardons,* 180 Ariz. 490, 885 P.2d 178, 182 (App.1994) (citation omitted). Sims sought parole, which is "not discharge from custody but transfer from one type of custody to another." *Id.* Habeas corpus was therefore the wrong vehicle; he should have petitioned for special action. Had his habeas petition been meritorious, however, the trial court could have looked beyond formal defects, treated it as a special action, and granted appropriate relief. *Id.* at 494–95, 885 P.2d at 182–83.

■ Sims's case, however, warranted neither habeas corpus nor special action relief. His parole was revoked after a disciplinary committee changed his parole status to ineligible and after a hearing officer denied his appeal. Rescission of parole is mandatory if a prisoner "fail[s] to remain in a parole eligible classification until the date of release." Ariz. Board of Pardons and Paroles, Policy Number 400.07, "Recission" (Oct. 29, 1993). The record contains no evidence suggesting that Sims's parole was wrongfully revoked. Consequently, there is no evidence that a month's delay of his appeal within the ADOC Disciplinary Appeals Division operated to his prejudice.

The trial court's denial of Sims's petition is therefore affirmed.

GRANT and GERBER, JJ., concur.

1. Our disposition is practical, to relieve administrative burden and eliminate delay in the processing of pending "criminal" habeas corpus appeals. But we also recognize the long term desirability of clarifying the procedural requirements for all categories of habeas corpus judgments and appeals by embodying those requirements in specific rules. We commend the study of such a project to the appropriate committees of the State Bar of Arizona.