953 P.2d 1271

**STATE of Arizona, Plaintiff–Appellee,**

v.

**EMPIRE AMERICAN BAIL BONDS, INC., Real Party in Interest– Appellant.**

**No. 1 CA–CV 97–0426.**

Court of Appeals of Arizona, Division 1, Department E.

Feb. 24, 1998.

As Amended Feb. 25, 1998.

Fredrick D. Merrill, Phoenix, for Real Party in Interest–Appellant.

Richard M. Romley, Maricopa County Attorney by Daniel Schlittner, Deputy County Attorney, Phoenix, for Plaintiff–Appellee.

## OPINION

TOCI, Presiding Judge.

¶ 1   Empire American Bail Bonds, Inc. ("Empire") appeals from the trial court's order denying its request for a new form of judgment.  The issue presented by this appeal is whether the state must give notice to the surety of the filing of a proposed form of judgment forfeiting the bail bond.  We hold that Rule 58(a), Arizona Rules of Civil Procedure, requires such notice.  The trial court erred in signing the judgment without first requiring proof of such notice.  We therefore vacate the trial court's order denying Empire's request for a new form of judgment and remand the case for further proceedings.

## I.  BACKGROUND

¶ 2   Following the defendant's failure to appear for his non-firm trial date, the trial court issued a bench warrant for his arrest and set a bond forfeiture hearing for February 20, 1997.  At the ensuing hearing, the court ordered the $75,000 bond forfeited and directed the state to submit a judgment "at a later date."  The state subsequently submitted a form of judgment which the trial court signed on February 24, 1997.

¶ 3   On March 27, 1997, Empire's counsel wrote to the state requesting a formal judgment.  After the state failed to respond, counsel sent a letter to the trial court on April 15, 1997, explaining that he had not received a copy of the judgment and requesting that it sign the enclosed form of judgment so that he could file a notice of appeal. The state filed an opposition to this request. In a minute entry filed on May 21, 1997, the trial court denied Empire's request for a new form of judgment.  Empire filed a timely notice of appeal from the denial order.

## II. DISCUSSION

¶ 4   Empire argues that Rule 58, Arizona Rules of Civil Procedure, applies to bond forfeiture proceedings and that pursuant to this rule, the state was obligated to serve forms of judgment "upon all parties and counsel," which it failed to do.   *See* Ariz. R. Civ. P. 58(a).   We agree.

¶ 5   Although bond forfeiture proceedings occur within the context of a criminal case, they are civil in nature.   *State v. Rogers,* 117 Ariz. 258, 259, 571 P.2d 1054, 1055 (App.1977).   Hence, the rules of civil procedure apply.

¶ 6   The state points out that Rule 58(d)(1) excludes money judgments from the rule's provision granting opposing counsel five days after service of the proposed judgment to object to its form.   The state argues that because the judgment in this case was for money only, pursuant to Rule 58(d)(1), Empire "has no right to object to the form of judgment."

¶ 7   Empire, however, is not arguing that it had a right to *object* to the judgment; it is arguing that it had a right to *notice* of the judgment so that it could exercise its right to appeal.   Indeed, the 1994 amendment to Rule 58(a), which added the requirement that "[f]orms of judgment shall be served upon all parties and counsel," was designed to help prevent parties from losing their appeal rights, which is precisely what happened in this case.   The "Court Comment to 1994 Amendment" following the text of the rule states that the amendment "address[es] a problem experienced by practitioners, whereby they were not receiving notice of entry of judgment in some cases and their clients' rights to appeal were jeopardized." [1] We conclude that under Rule 58(a), the state was required to serve the form of judgment upon all parties, including Empire and its counsel, to ensure that all parties received proper notice.

---

1.   The 1994 amendment to Rule 77(g), Ariz. R. Civ. P., also was designed to address the lack of notice problem.   In addition to the requirement that notice of entry of judgment be mailed by the clerk, Rule 77(g) now provides, "[a]ny party may . . . serve a notice of such entry . . . ."   Rules

¶ 8   The state also argues that judgments in bond forfeiture cases, like judgments in habeas corpus cases, which are also civil in nature, should be complete when orally pronounced and entered in the court's minutes.   The state relies upon *Sims v. Ryan,* 181 Ariz. 330, 332, 890 P.2d 625, 627 (App.1995), in which this court held that the signed judgment requirement of Rule 58 does not constitute a jurisdictional prerequisite for habeas corpus appeals.   We find *Sims* to be inapposite.   The considerations present in habeas corpus proceedings that warrant their exception to Rule 58(a)'s requirements are not present in bond forfeiture proceedings.   Delay is a concern in habeas corpus proceedings because a prisoner's liberty is at stake.   In *Sims,* the court noted the "special nature of habeas corpus," which is a "high prerogative writ favored in the law."   *Id.*   The court reasoned that "a habeas appellant whose position is well-taken should not face prolongation of an unjust confinement merely to get the trial court order signed."   *Id.*   In contrast, bond forfeiture proceedings do not affect the defendant's rights in the underlying criminal proceeding, therefore delay, if any, resulting from compliance with Rule 58 is not a consideration.   We find no compelling reasons to exempt bond forfeiture proceedings from the requirements of Rule 58(a).

¶ 9   Finally, the state argues that the language of Rule 7.6(d), Arizona Rules of Criminal Procedure, "makes it clear that the state must do nothing at all to perfect the order and judgment of the court."   Rule 7.6(d), which addresses bond forfeiture, provides in part:

> If at the hearing, the violation is not explained or excused, the court may enter an appropriate order of judgment forfeiting all or part of the amount of the bond, which shall be enforceable by the prosecutor as any civil judgment.

58(a) and 77(g), one mandatory and the other permissive, complement each other and together are directed at preserving parties' appeal rights.   *See also* Rule 6(b), Ariz. R. Civ. P., and Rule 9(a), Ariz. R. Civ. App. P.

The state argues that because this rule does not require it to file a form of judgment with the court or require that the trial court sign the judgment, nothing is required to perfect the judgment "other than an order in the court's minutes." First, the state cites no authority for this proposition. Second, we fail to see the logic in the state's argument that Rule 7.6(d)'s silence regarding the proper form and service of the judgment somehow negates Rule 58(a)'s specific requirements in this regard. We therefore reject the state's contention.

### III. CONCLUSION

¶ 10 Arizona Rule of Civil Procedure 58(a), which applies to bond forfeiture proceedings, requires forms of judgment to be served upon all parties and counsel. Because the state did not serve the form of judgment upon Empire and its counsel, we vacate the trial court's order denying Empire's request for a new form of judgment and remand the case for proceedings consistent with the provisions of Rule 58(a) and this decision.

FIDEL and PATTERSON, JJ., concur.