229 P.3d 239

**STATE of Arizona, Appellee,**

v.

**EAZY BAIL BONDS; Hurricane Bail Bonds; International Fidelity Insurance Company, Appellants.**

**No. 1 CA–CV 09–0278.**

Court of Appeals of Arizona, Division 1, Department B.

April 22, 2010.

Andrew P. Thomas, Maricopa County Attorney By Sarah L. Corcoran, Deputy County Attorney, and Davina Bressler, Deputy County Attorney, Phoenix, Attorneys for Appellee.

Clifford M. Sherr, Attorney at Law By Clifford M. Sherr, Phoenix, Attorneys for Appellants.

## OPINION

SWANN, Judge.

¶ 1 Eazy Bail Bonds, Hurricane Bail Bonds, and International Fidelity Insurance Company (collectively, "appellants") appeal from the superior court's judgment forfeiting a bail bond. We hold pursuant to Ariz. R. Sup.Ct. 31 that because appellants did not appear through counsel in the superior court, they effectively failed to appear at all. Because they failed to appear, appellants were unable as a matter of law to satisfy their burden of proof on the issue of good cause for the defendant's failure to appear in the underlying criminal case.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Appellants posted an appearance bond on behalf of a criminal defendant. When the defendant failed to appear for a settlement conference, the court immediately issued a bench warrant for his arrest and set a bond forfeiture hearing.

¶ 3 The defendant did not appear at the scheduled forfeiture hearing. Instead, Hilda Zamora appeared for appellants, which are business entities, as an "[a]gent."[1] As appellants conceded on appeal at oral argument, Zamora is not a licensed Arizona attorney. No attorney represented appellants at any forfeiture hearings before judgment was entered.

¶ 4 When the court asked whether appellants wished to be heard, Zamora provided a narrative explanation of her position on the merits. She stated that on the day before the settlement conference, the defendant was kidnapped from his California residence and he now was presumed dead. Zamora referenced documentation supporting the purported kidnapping and death, but there is no indication in the record that any such documents were provided to the court. Zamora asked the court to find good cause to exoner-

ate the bond, or, in the alternative, to grant an extension to allow appellants to continue their efforts to locate the defendant's body. The court declined to find good cause, but granted a continuance to allow appellants to surrender the defendant or gather documentation for its consideration.

¶ 5 The forfeiture hearing was continued twice more, both times at Zamora's request. When the hearing was held, Zamora again appeared without counsel. On this occasion, Zamora announced herself to the court as appearing "on behalf of Eazy Bail Bonds." When the court asked whether she had obtained any documentation regarding the defendant, Zamora provided a Mexican death certificate and an English translation of the certificate. The court noted that the defendant's bench warrant predated his documented date of death. The court also noted that the defendant's documented place of death was Mexico and his release order had required that he remain in Arizona. The court found that there was not good cause for the defendant's failure to appear, and ordered the bond forfeited. After the court announced its decision, Zamora asked to make an argument. The court informed her that she was free to file a motion for reconsideration or an appeal. The same day as the hearing, the court entered a formal forfeiture judgment in favor of the State of Arizona.

¶ 6 Through counsel, appellants filed a motion for new trial. That motion was denied, and appellants timely appealed. In their opening brief, appellants argued that the superior court committed fundamental error by finding that the deceased defendant's failure to appear was not excused by good cause. After hearing oral argument, we ordered supplemental briefing on issues related to appellants' lack of representation at the forfeiture proceedings.

¶ 7 We have jurisdiction pursuant to A.R.S. § 12–2101(B) (2003).

## DISCUSSION

¶ 8 We will affirm a trial court's ruling if it is correct for any reason. *Glaze v.*

---

1. Zamora is the president of appellant Hurricane Bail Bonds. She announced herself to the court as the agent of "International Fidelity Surety Company and Eazy Bail Bonds."

*Marcus,* 151 Ariz. 538, 540, 729 P.2d 342, 344 (App.1986). Here, though we conclude that the court should not have entertained any argument or evidence presented on behalf of unrepresented entities, we affirm because the ultimate result does not require modification.

### I. Zamora was not legally able to represent a business entity in superior court.

¶ 9 The Arizona Supreme Court has exclusive jurisdiction over the regulation of the practice of law in Arizona. *In re Creasy,* 198 Ariz. 539, 540–41, ¶¶ 6–7, 12 P.3d 214, 215–16 (2000). Ariz. R. Sup.Ct. 31(b) provides that unless one of the exemptions enumerated in Rule 31(d) applies, "no person shall practice law in this state or represent in any way that he or she may practice law in this state unless the person is an active member of the state bar." A person practices law when she represents another in a judicial proceeding and expresses legal opinions. Ariz. R. Sup.Ct. 31(a)(2)(A)(2), (3). The twenty-seven exemptions set forth in Rule 31(d) permit individuals who are not licensed Arizona attorneys to represent certain entities in certain types of proceedings.

¶ 10 In their supplemental brief, appellants candidly concede that Zamora was unable to represent appellants pursuant to Rule 31. The brief also identifies a significant systemic problem—different courts throughout the state have enforced Rule 31 in bond forfeiture proceedings with varying degrees of rigor. Appellants' counsel has urged this court to publish an opinion containing authoritative guidance to ensure consistency in future cases. This is that opinion.

¶ 11 Zamora is not a member of the State Bar of Arizona, she was not specially admitted to practice under Ariz. R. Sup.Ct. 33(c), and none of the Rule 31(d) exemptions applied. She nevertheless purported to represent the appellants in the superior court and expressed legal opinions. At the first hearing, she argued a legal theory of good cause and moved for exoneration of the bond. Thereafter, she made several continuance motions. At the final hearing, she did not express any legal opinions, but she announced her presence as a representative of appellants and attempted to make an argument after the court ruled. We conclude, therefore, that Zamora's conduct was prohibited by Rule 31(a)(2)(B)(1).

### II. The appellants failed to enter an effective appearance until after the entry of judgment.

¶ 12 A corporation cannot appear in superior court except through counsel. *Ramada Inns, Inc. v. Lane & Bird Adver., Inc.,* 102 Ariz. 127, 128, 426 P.2d 395, 396 (1967). Until a corporation appears in court by counsel, its appearance is defective. *See Boydston v. Strole Dev. Co.,* 193 Ariz. 47, 50, ¶ 12, 969 P.2d 653, 656 (1998) (a corporation may cure its defective appearance after being given a reasonable opportunity by the court to do so). The appellant corporations did not appear through counsel until their motion for new trial, which was filed after the judgment had been entered.

### III. Forfeiture of the bond was warranted.

¶ 13 Bond forfeiture proceedings are civil in nature. *State v. Empire Am. Bail Bonds, Inc.,* 191 Ariz. 218, 220, ¶ 5, 953 P.2d 1271, 1273 (App.1998). Therefore, the rules of civil procedure apply. *Id.* Here, the principles underlying Ariz. R. Civ. P. 41(b) govern.

¶ 14 Ariz. R. Civ. P. 41(b) provides that if a civil plaintiff fails to prosecute his or her action, the court may dismiss the action and the dismissal shall operate as an adjudication upon the merits. Like a civil plaintiff, a bonding company bears the burden of proof in bond forfeiture proceedings. *State v. Martinez–Gonzales,* 145 Ariz. 300, 302, 701 P.2d 8, 10 (App.1985) ("[T]he burden is on the bonding company to show an excuse or explanation for the violation .... [and][t]he bonding company must bear its burden by a preponderance of the evidence."); *State ex rel. Corbin v. Superior Court (Maryland Nat'l Ins. Co.),* 2 Ariz.App. 257, 261, 407 P.2d 938, 942 (1965) ("When a defendant is absent at the appointed time, the State has the right

to a forfeiture and the burden of proof rests with the surety to show reasonable cause.").

¶ 15 Because appellants failed to effectively appear until after the entry of judgment, they could not meet their burden of proof. Forfeiture of the bond therefore was warranted based on appellants' failure to prosecute.

## CONCLUSION

¶ 16 We recognize that the trial court acquiesced in Zamora's improper representation of appellants in this case. Regardless, neither the trial court nor the parties were authorized to circumvent the provisions of Ariz. R. Sup.Ct. 31.

¶ 17 For the reasons set forth above, we affirm the superior court judgment forfeiting the bond.

CONCURRING: PATRICIA K. NORRIS, Presiding Judge, and DANIEL A. BARKER, Judge.