NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

_____

STATE OF ARIZONA, *Respondent*,

*v.*

BRIAN L. FINKEL, *Petitioner*.

No. 1 CA-CR 13-0620 PRPC

FILED 2-12-2015

_____

Petition for Review from the Superior Court in Maricopa County
No. CR 2001-015515
The Honorable Larry Grant, Retired Judge

**REVIEW GRANTED; RELIEF DENIED**

_____

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Brian L. Finkel, Florence
*Petitioner*

_____

**MEMORANDUM DECISION**

Presiding Judge John C. Gemmill, Judge Kenton D. Jones, and Judge Donn Kessler delivered the following decision.

_____

**PER CURIAM**:

¶1      Petitioner Brian Finkel petitions this Court for review of the dismissal of his petition for post-conviction relief. We have considered the petition for review, and for the following reasons, grant review and deny relief.

¶2      A jury convicted Finkel of twenty-two counts of sexual abuse. The trial court sentenced him to a combination of concurrent and consecutive terms of imprisonment on twenty-one of the counts and placed him on probation on the remaining count. On direct appeal, we modified two of Finkel's prison sentences, and vacated the prison sentence on Count 10 and the term of probation on Count 48. We otherwise affirmed the balance of Finkel's convictions and sentences. *State v. Finkel*, 1 CA-CR 04-0046 (Ariz. App. Nov. 21, 2006) (mem. decision). On remand, the trial court sentenced Finkel to 1.75 years' imprisonment for Count 10 and reduced Finkel's term of probation for Count 48 to three years.[1] Finkel now seeks review of the summary dismissal of his petition for writ of habeas corpus, which the trial court treated as Finkel's second petition for post-conviction relief. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3      In his petition for review, Finkel challenges his convictions and sentences on many grounds. Most of Finkel's claims concern the impartiality of the trial court, identifying several events he claims show the trial court was biased and prejudiced against him. Finkel further argues the court engaged in numerous instances of misconduct, some of which required recusal, such as when the court gave an interview during Finkel's trial and made comments about Finkel and/or his trial that appeared in a newspaper article. Finkel also contends the court should have questioned the jury more thoroughly about the article and should have given the jury some sort of instruction regarding the article.

¶4      Additionally, Finkel contends the trial court erred when it made various rulings. For instance, Finkel asserts the court erred when it denied Finkel's motion to sever, considered various materials in its consideration of the severance issue, and refused to recuse itself once an issue arose regarding the loss of those materials. On this last point, Finkel also argues the State failed to timely disclose those same materials to him.

---

[1]    The trial court's re-sentencing minute entry misidentified Count 48 as sexual assault, because the jury found Finkel guilty of sexual abuse on Count 48.

Finkel further contends the trial court erred when it held an employee of Finkel was not acting on behalf of law enforcement when the employee obtained inculpatory evidence, and when it denied his motions for judgment of acquittal and for a new trial. Finally, Finkel argues the evidence was insufficient to support his convictions.

¶5        We deny relief. Finkel could have raised all of these issues on direct appeal and/or in his first post-conviction relief proceeding. Any claim a defendant raised or could have raised on direct appeal or in an earlier post-conviction relief proceeding is precluded. Ariz. R. Crim. P. 32.2(a). None of the exceptions under Rule 32.2(b) apply in this instance.

¶6        Finkel then argues the trial court improperly treated his petition for writ of habeas corpus as a successive petition for post-conviction relief. We find no error. Rule 32.3 provides that if a defendant applies for a writ of habeas corpus in a trial court having jurisdiction over the defendant and the defendant raises any claim attacking the validity of the conviction or sentence, the court "shall" transfer the matter to the court in which the defendant was convicted and/or sentenced. That court shall in turn treat the matter as a petition for post-conviction relief pursuant to Rule 32. Ariz. R. Crim. P. 32.3. That is what occurred here. Further, "[t]he purpose of habeas corpus is release of one unlawfully detained." *Sims v. Ryan*, 181 Ariz. 330, 332, 890 P.2d 625, 627 (App. 1995) (citing Ariz. Rev. Stat. § 13-4131 (2015), and *State v. Abbott*, 103 Ariz. 336, 339, 442 P.2d 80, 83 (1968)). The State has not unlawfully detained Finkel.

¶7        While the petition for review presents additional issues, Finkel did not raise those issues in his petition for post-conviction relief filed in the trial court. A petition for review may not present issues not first presented to the trial court. *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

¶8        We grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED : ama