NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ARIZONA BAILMAN, et al., *Appellants*.

No. 1 CA-CV 17-0713
FILED 6-28-2018

Appeal from the Superior Court in Yavapai County
No.  P1300CR201600515
The Honorable Tina R. Ainley, Judge

**AFFIRMED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By William A. Kunisch, Thomas Stoxen
*Counsel for Appellee*

Clifford M. Sherr Attorney at Law, Phoenix
By Clifford M. Sherr
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Michael J. Brown joined.

---

**T H O M P S O N**, Judge:

¶1          Arizona Bailman ("Bailman") appeals the decision of the Superior Court to forfeit $45,000 of the $60,000 bond it posted as surety to Raul Gonzalez ("Gonzalez").  Bailman also argues that the court failed to make sufficient findings of fact and conclusions of law.  For the following reasons, we affirm the court's decision.

**FACTUAL AND PROCEDURAL HISTORY**

¶2          On April 22, 2016, Gonzalez was indicted for transportation of methamphetamine, possession or use of marijuana, possession or use of drug paraphernalia, possession or use of a narcotic drug, and promoting prison contraband in Yavapai County Superior Court Cause No. P1300CR201600515 and a bond was set for $60,000.

¶3          On May 7, 2016 an appearance bond numbered IS100K-49770 ("Bond") in the amount of $60,000 was posted for Gonzalez by Roger P. Tallini of Arizona Bailman ("Surety").  The Bond states in pertinent part, "I am posting the bond and understand that I could lose the bond if the defendant fails to appear in the future."

¶4          Gonzalez was making all necessary appearances, either in person or telephonically through March 27, 2017.  During the March 27, 2017 court hearing, Gonzalez was informed that his next court date was scheduled for May 15, 2017 and that the "DEFENDANT MUST BE PRESENT and is advised of the consequences of non-appearance." Gonzalez failed to appear for the May 15, 2017 court date.  A warrant was issued for his arrest and a bond forfeiture hearing was set for July 17, 2017.

¶5          Due to reasons unspecified or unknown, Bailman was never notified of the warrant or the forfeiture hearing.  Bailman finally learned of the warrant and forfeiture hearing when it received the Notice of Lodging Proposed Form of Judgment filed July 18, 2017 after the July 17, 2017 forfeiture hearing.  Bailman then filed a motion to vacate the existing bond

forfeiture judgment which was subsequently granted. A new bond forfeiture hearing was then scheduled for September 25, 2017.

**¶6** Gonzalez was back in custody on August 14, 2017 and made his initial appearance on the bench warrant. It is undisputed that Bailman was responsible for his apprehension.

**¶7** The court held a second forfeiture hearing on September 25, 2017. The court found that a condition of Gonzalez's release was that he was to appear for all court dates or the Bond could be forfeited; that Gonzalez failed to appear for a May 15, 2017 court date; and there was no reasonable excuse, explanation or justification given for Gonzalez's non-appearance. The court further found that Bailman did not present any evidence to show what steps, if any, were taken by Bailman to ensure the appearance of Gonzalez at his Court date. The court did however find that Bailman subsequently apprehended Gonzalez after his failure to appear and therefore forfeiture of the entire bond would be unduly harsh. The court then ordered that $45,000 of the Bond be forfeited and $15,000 be exonerated to Bailman.

**¶8** On appeal Bailman argues that the court abused its discretion when it forfeited $45,000 of the $60,000 bond and that the court made insufficient findings of fact and conclusions of law. For the following reasons we disagree.

## DISCUSSION

**¶9** We review a trial court's decision to forfeit a bond for an abuse of discretion. *State v. Garcia Bail Bonds*, 201 Ariz. 203, 205, ¶ 5 (App. 2001). We examine the evidence in the light most favorable to supporting the judgment of the trial court. *Id.*

**¶10** Under Arizona Rule of Criminal Procedure 7.3(a)(1) (2017) a mandatory condition of release is that the defendant must appear at all court proceedings. Under Ariz. R. Crim. P. 7.1(g) (2017) a surety is a "person or company, other than the defendant, who executes an appearance bond and agrees to pay the amount of the bond if the defendant fails to comply with its conditions." If a court finds that the defendant violated a mandatory condition of release and that violation is not excused, it may enter an order forfeiting all or part of the bond amount. Ariz. R. Crim. P. 7.6(c)(1) (2017). Whether to exonerate a bond is within the discretion of the court. Ariz. R. Crim. P. 7.6(d)(4) (2017). *See also State v. Old West Bonding Co.*, 203 Ariz. 468, 473, ¶ 17 (App. 2002) (finding that exoneration of appearance bond is only mandated if defendant does not

violate any condition of the appearance bond; if condition is violated, the trial court has discretion as to whether to exonerate the bond). Additionally, a surety agrees to "produce the defendant at the necessary court appearance or pay the penalty in the amount of the bond." *Gearing v. State,* 24 Ariz. App. 159, 160 (1975); *see also In re Bond Forfeiture in Pima County Cause No. CR-20031154*, 2008 Ariz. 368, 369, ¶ 4 (App. 2004) (holding that a surety assumes the risk that the full amount of a bond will be forfeited if the defendant does not appear).

**¶11** When a defendant fails to appear at a court date, the surety bears the burden of proof to show reasonable cause or explain or excuse a defendant's failure to appear. *State v. Eazy Bail Bonds*, 224 Ariz. 227, ¶ 14 (App. 2010). It is the surety's responsibility to stay informed about a defendant's whereabouts and the defendant's required court appearances. *Gearing*, 24 Ariz. App. at 160. Furthermore, a surety does not meet its obligation under Rule 7.6 merely by surrendering a non-appearing defendant before entry of a forfeiture judgment. *Old West*, 203 Ariz. at 473, ¶ 18.

**¶12** Appellant argues that the trial court did not properly apply the factors laid out in *Old West,* and therefore abused its discretion when it forfeited $45,000 of the $60,000 bond. We disagree.

**¶13** First, we note that the factors listed in *Old West*, not only were not meant to be comprehensive, they also are not required factors to be considered. *Id.* at 475. Furthermore, the court always has the discretion to forfeit the entire amount of the bond if a mandatory condition of the appearance bond is not met. Ariz. R. Crim. P. 7.6; *Gearing,* 24 Ariz. App. at 160.

**¶14** In this instance, Gonzalez did not appear at a scheduled court date. That alone allows the court to forfeit the entire bond. Ariz. R. Crim. P. 7.3(a)(1); *see also No. CR-20031154,* 2008 Ariz. at 369, ¶ 4. Additionally, there was no valid excuse given as to why Gonzalez did not appear. *Eazy Bail Bonds*, 224 Ariz. at 227, ¶ 14. Indeed, there was no reason or excuse given at all. There was also no evidence presented as to Bailman's efforts and expense in locating and apprehending Gonzalez. However, the court did find that Bailman eventually apprehended Gonzalez and that apprehension was a mitigating factor. The court therefore considered three of the *Old West,* factors and determined that $45,000 of the bond would be forfeited and $15,000 would be exonerated.

¶15        Appellant next argues that the court committed reversible error when it failed to "follow the dictates of Arizona Rule of Civil Procedure, Rule 52(a)" by not making sufficient findings and conclusions of law. We disagree that the trial court failed to do so.

¶16        Under Arizona Rules of Civil Procedure 52(a)(1) (2018) "the court must find the facts specially and state its conclusions of law separately." A trial court's findings of fact satisfy Arizona law if they are pertinent to issues and sufficiently comprehensive to provide bases for decisions. *Miller v. Board of Sup'rs of Pinal County*, 175 Ariz. 296, 299 (1993) (citing *Gilliland v. Rodriguez*, 77 Ariz. 163, 167 (1954)). "Findings of fact satisfy this requirement if they are sufficiently specific to allow an appellate court to test the validity of the judgment." *Id.* (citations and quotations omitted). The court's findings of fact satisfy this requirement.

¶17        The court clearly states that a condition of Gonzalez's release was that he appear at every court date and that failure to do so could result in forfeiture of the entire bond. The court found that Gonzalez failed to appear at his May 15, 2017 hearing and that there was no reasonable excuse, explanation or justification for the failure. The court also found that there was no evidence to show what steps, if any, Bailman took to ensure Gonzalez's appearance at his court date, but did find that Bailman's subsequent apprehension of Gonzalez was a mitigating factor and therefore forfeiture of the entire bond would be unduly harsh. Based upon this information, this court finds the trial court's judgment to be valid.

## CONCLUSION

¶18        For the foregoing reasons, we find that the court did not abuse its discretion in forfeiting $45,000 of the $60,000 bond. Additionally, we find that the trial court complied with Rule 52(a) and provided sufficient findings of fact and conclusions of law. We therefore affirm the court's ruling.



AMY M. WOOD • Clerk of the Court
FILED:  AA