NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TIMOTHY MARK CHACON, *Appellant.*

No. 1 CA-CR 19-0314
FILED 3-12-2020

Appeal from the Superior Court in Maricopa County
No. CR2017-116255-001
The Honorable Gregory Como, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Nathan Curtisi
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge James B. Morse Jr. joined.

_____

**P E R K I N S**, Judge:

¶1        Timothy Mark Chacon appeals his conviction for armed robbery. We affirm the conviction but modify the sentencing order to correctly reflect the verdict.

### FACTUAL AND PROCEDURAL HISTORY

¶2        Just before 3:00 a.m., M.O. (the "victim") walked behind an apartment complex with his backpack, keys, wallet, headphones, and iPhone. He listened to music through his headphones as Chacon walked toward him with a bicycle.

¶3        The victim heard Chacon speak but "didn't really hear" what he said through the headphones and kept walking. Shortly after, Chacon reappeared, this time riding the bike. Chacon pointed what appeared to be a revolver at the victim and demanded his belongings, which the victim placed in his backpack. Chacon took the backpack and ordered the victim to walk away and not look back. The victim made his way to a nearby bar, where he borrowed a stranger's phone to call 9-1-1.

¶4        Shortly thereafter, police responded and tracked the iPhone to a nearby apartment complex using a location app on the phone. Police drove to the complex and used the phone's ringer to confirm its location in a ground-floor apartment. An officer peered through the window and watched Chacon retrieve the still-ringing phone. Police then cleared the apartment, detaining Chacon and several other people inside. Officers recovered an iPhone, backpack, and other belongings. Police also recovered a silver pellet gun that looked like a revolver and several bikes. Chacon provided a false name to police. Chacon's DNA was found on the gun and bikes, but not on the victim's iPhone.

¶5        Police drove the victim to the complex, where he waited until officers brought Chacon and the apartment's occupants over for the victim to make a possible one-on-one identification. The victim did not immediately identify Chacon but asked to see him again and then identified

him based on his pants and chest tattoo. The victim later stated the gun recovered from the apartment looked similar to the one pointed at him. The victim also confirmed that the iPhone recovered from the apartment was his. Police did not digitally search the victim's iPhone.

**¶6** The State indicted Chacon on one count of armed robbery, a class two felony (Count One), and one count of false reporting to a law enforcement agency, a class one misdemeanor (Count Two). Chacon pled guilty to Count Two, but his first trial on Count One resulted in a mistrial. He was then convicted on Count One in the second trial.

**¶7** During both trials, Chacon requested a *Willits* jury instruction based on his argument that the State had insufficiently examined the iPhone and not given him an adequate opportunity to examine it. The court denied the requested instruction each time. Chacon timely appealed his armed robbery conviction.

## DISCUSSION

**¶8** Chacon argues on appeal that the trial court erred in denying his request for a *Willits* jury instruction, which we review for an abuse of discretion. *State v. Glissendorf*, 235 Ariz. 147, 150, ¶ 7 (2014). "A trial court abuses its discretion when it misapplies the law or predicates its decision on incorrect legal principles." *Taylor v. Cruikshank*, 214 Ariz. 40, 43, ¶ 10 (App. 2006) (quoting *State v. Jackson*, 208 Ariz. 56, 59, ¶ 12 (2004)).

**¶9** A *Willits* instruction allows the jury to find that "the State has lost, destroyed, or failed to preserve evidence whose contents or quality are important to the issues in [the] case," weigh the explanation given, and draw an inference against the State if the explanation is inadequate. *State v. Willits*, 96 Ariz. 184, 187 (1964); Rev. Ariz. Jury Instr. ("RAJI") Stand. Crim. 42 (5th ed. 2019).

**¶10** A *Willits* instruction is only provided where the defendant shows that: "(1) the state failed to preserve material and reasonably accessible evidence that could have had a tendency to exonerate the accused, and (2) there was resulting prejudice." *Glissendorf*, 235 Ariz. at 150, ¶ 8 (quoting *State v. Smith*, 158 Ariz. 222, 227 (1988)). "To show that evidence had a 'tendency to exonerate,' the defendant must do more than simply speculate about how the evidence might have been helpful." *Id.* at ¶ 9. "A *Willits* instruction is not given merely because a more exhaustive investigation could have been made." *State v. Murray*, 184 Ariz. 9, 33 (1995).

¶11          Chacon has not shown that the State lost or destroyed evidence. Nothing in the record suggests that Chacon's counsel asked to examine the victim's iPhone. Chacon instead complains about the chain of custody, but "[f]laws in the chain of custody normally go to the weight the jury gives to the evidence, not to its admissibility into evidence." *State v. Morales*, 170 Ariz. 360, 365 (App. 1991). Thus, Chacon never lost any "opportunity" to examine the iPhone. *See State v. Broughton*, 156 Ariz. 394, 399 (1988) (delayed testing of a blade for blood and fingerprints did not constitute destruction of evidence supporting a *Willits* instruction).

¶12          Beyond that, Chacon has not shown how the iPhone's contents had a "tendency to exonerate" him. On cross-examination, a detective merely speculated that extracting location data from the iPhone could "[p]ossibly" have provided more specific information. But Chacon did not further develop that line of questioning, elicit testimony from other witnesses, or proffer a basis on which the court could find that the evidence had a tendency to exonerated him. *See State v. Smith*, 158 Ariz. 222, 227 (1988) (finding that defendant was not entitled to a *Willits* instruction where nothing suggested lost evidence fit defendant's theory). He had an unfettered chance to question police officers about what data might have been recovered from the phone and what it might have shown. The cell-tower data presented at trial corroborated the victim's testimony concerning his (and his iPhone's) location leading up to the robbery. The court did not abuse its discretion.

¶13          On our own review of the record, we note that the trial court's sentencing order incorrectly states that Chacon was convicted of armed robbery with a deadly weapon. While the jury verdict states that he was only convicted of "armed robbery," the jury was only instructed as to the elements of an armed robbery with a *simulated* deadly weapon, and the State only argued at trial that Chacon used a simulated deadly weapon. A defendant is entitled to a judgment that reflects the verdict. *State v. Dowthard*, 92 Ariz. 44, 49 (1962). Accordingly, we modify the written sentencing memorandum to reflect the conviction for "armed robbery with a simulated deadly weapon." *See State v. Jonas*, 164 Ariz. 242, 245 n.1 (1990) (modifying written judgment to reflect the actual judgment entered).

**CONCLUSION**

¶14     We affirm the conviction as modified.



AMY M. WOOD • Clerk of the Court
FILED:  AA